HOWLAND vs. NEEDHAM.

APPEAL FROM CIRCUIT COURT, RACINE COUNTY.

Heard November 23, 1859.]                    [Decided January 7, 1860.

*Execution—Ejectment—Imprisonment for Debt.*

An execution can issue against the body of the defendant upon a judgment for damages for withholding real property, and the rents and profits, where pursuant section 73 of the code, a claim for such damages was united in the complaint in the action for the recovery thereof.

The action of ejectment is an action *ex delicto*, and the 16th section of Article I. of the constitution, providing that "no person shall be imprisoned for debt arising out of, or founded upon contract," does not apply to the judgment rendered in such action, but the plaintiff is entitled to have a *ca. sa.*, to enforce his judgment against the defendant.

Though the legislature may change the *form* of the action, they cannot change the *essence*. They may make but *one form* of action, but they cannot change torts into contracts, nor contracts into torts.

This was an action commenced by Richmond W. Howland against William L. Needham, for false imprisonment. The complaint was in the usual form, and averred an imprisonment for four days in the common jail. The answer of the defendant after the general denial, stated that he had caused an execution to issue out of the circuit court of Racine county, on a judgment in his favor against the plaintiff and one Moses Adams, on which the sheriff arrested and imprisoned the plaintiff, where he remained for two minutes.

The execution was issued upon a judgment recovered against the plaintiff and Adams for $593, in an action of ejectment; and the plaintiff had been taken in custody for the want of goods, &c., and he had committed him as he had a right to do. On the trial before the court and jury, the plaintiff recovered judgment for $400. The evidence showed the imprisonment upon the execution, as stated in the plea, for half an hour; when the plaintiff was discharged upon a *habeas corpus.* The circuit judge charged the jury that " the judgments and executions which had been given in evidence, did not authorize the imprisonment of the plaintiff, and that they constituted no justification to the defendant, and were no defense in this action and that an execution against the body, was not authorized by said judgment.

"That if the jury believed, from the evidence, that the plaintiff did not cause the defendant to be imprisoned wickedly, wilfully, and maliciously on said judgment and execution, or with a wilful and malicious intent to injure him, you are at liberty not only to give the plaintiff the damages he actually sustained in consequence of the imprisonment, but you may give him such exemplary damages as you may think just and proper considering all the circumstances and the wealth of the defendant.

" If, on the contrary, you believe that the imprisonment was caused by the defendant honestly believing that the judgment and execution legally and properly authorized the imprisonment in the course of collecting his judgment, and believed that the course he pursued was the proper and only course to collect his judgment, and that he was actuated purely by a desire to collect his judgment, and not actuated by a desire or intention unnecessarily to injure the plaintiff, then plaintiff is not entitled to recover smart money or vindictive damages, but he is entitled to recover the damages which he sustained in consequence of the imprisonment, and necessarily growing out of the imprisonment ; and such damages are to be found by you from all the facts in the case, which have been given in evidence upon the trial. The cost and expense of getting discharged from imprisonment, services of counsel and attorney, and all other expenses incurred by him in getting discharged from jail, are proper subjects for you to consider. The injury to the plaintiff's feelings, injury to his reputation, his actual suffering in body and mind are actual damages, and are all proper for

Howland vs. Needham.

you to consider and take into account in estimating the actual damage which he suffered, and a suitable compensation for such injury, pain, suffering, and loss of reputation should be allowed by you as actual damage, in addition to what you may think proper to allow for the loss of time, expense, and cost to which he was subjected by said imprisonment.

From that judgment the defendant Needham appealed to this court.

*John W. Cary,* for the appellant, relied on the State Constitution, Art. I., § 16; Code, § 198; 3 Black Com., 117; 1 Chitty Pl., 97, 98, 125, 187; R. S., 1849, 566, § 30, 31; Graham's Pr., 836–7; *Pomeroy vs. Crocker,* 2 Wis., 112.

*Paine & Millett,* for the respondent.

*By the Court,* Dixon, C. J. The record in this case presents one question which is decisive of the action. It is whether an execution can issue against the body of a defendant upon a judgment for damages for the withholding of real property, and the rents and profits, where, pursuant to section 83, of the Code of Procedure, a claim for such damage was united in the complaint in an action for the recovery of such property. To determine it we have only to ascertain whether the damages recovered arose out of, or were founded upon a contract expressed or implied.

The sixteenth section of the first Article of the Constitution, provides that no person shall be imprisoned for debt arising out of, or founded on such contract. In other cases the judgment debtor may be imprisoned under such regulations as are prescribed by statute. That *ejectment* was an action *ex delicto,* is clearly indicated by its name of " action of *trespass* in ejectment," 3 Black. Com., 199. It is also clear that the wrongful receipt by the tenant in possession of the *mesne* profits, or the withholding of the possession from the lawful owner has always been regarded as a *tort,* for which, by the common law, an action of *trespass* might be maintained. In

treating of the action of ejectment, Blackstone, vol. 3, p. 205, says: " The damages recovered in these actions, though formerly their only intent, are now usually, since the title has been considered the, principal question, very small and inadequate; amounting, commonly, to one shilling, or some other trivial sum. In order, therefore, to complete the remedy, when the possession has been long detained from him, that had the right to it, *an action of trespass also lies,* after a recovery in ejectment to recover the *mesne* profits which the tenant in possession has wrongfully received." The unlawful detention of the possession is considered in the law as *a wrong,* and as such redressed. We do not see how it can be otherwise regarded. The record of the action of ejectment, in which the judgment for damages in this case was rendered, appears wholly unconnected with any contract. The fact that the remedy by action of trespass has never obtained in this state, in no way affects or changes the *nature* of the injury complained of. The suggestion on the roll provided by the statutes of 1849, was substantially the same thing. So in the claim for damages which the plaintiff is now permitted to unite with his claim of title, and for possession. Both are substitutes for the action of trespass. The legislature may change the *form* of the action, but its *essence* is beyond their reach. They can declare that there shall be but *one form of action,* but they cannot thereby convert torts into contracts, or contracts into torts. The principles upon which they are distinguished, are above legislative influence. The exemption from imprisonment extending no farther than to cases of debt arising out of contract express or implied, the plaintiff was liable to the arrest complained of.

Judgment reversed.