## Strœbe vs. Fehl.

PLEADING: *Where husband seized in right of his wife, a joint seizin must be averred, (1.)—Facts presumed by law need not be pleaded, (4.)—Matters of defeasance need not be negatived in complaint, (4.)—Effect of certain allegations, (7.)—Demand for legal and equitable relief, where plaintiff entitled to the former only, (9.)—*PRACTICE: *Waiver of defect in complaint, (2.)—Amendment, (3.)—*HUSBAND AND WIFE: *To what extent husband, holding land in right of his wife, can cut timber, (5.)*

1. It cannot properly be alleged in a pleading that a husband alone is seized in fee in right of his wife; because the fee is in the wife, and the seizin joint.

Strœbe vs. Fehl.

2. Such a defective averment must be taken advantage of by demurrer, or by motion to make the pleading more definite and certain, and not by objection to evidence.

3. In case of such objection, the court should direct an immediate amendment, or receive the evidence and allow a subsequent amendment.

4. Where plaintiff claims the possession of land under grant from a husband holding in right of his wife, and it appears from the complaint that both husband and wife were living within two years before the commencement of the action, it need not be averred that both are still living, or that the husband, surviving, has become tenant by the curtesy; because the law presumes them to be still living; and the death of either would be matter of defeasance, to be set up by answer.

5. A husband holding land in right of his wife, may, perhaps, in this state, cut therefrom timber not only for fences and fuel, but also to clear the land, so far as necessary for immediate cultivation.

6. But a grant from such husband of "ten acres of timber," etc., out of such land, with right of way thereto, giving the grantee an indefinite time to cut and remove the timber, is void as against the wife or her grantee of the land.

7. Plaintiff, claiming as grantee in such a deed from the husband, and alleging that defendant has taken possession of the land under a "pretended purchase," etc., and cut the timber, etc., and not showing that defendant is a grantee of the wife, states a cause of action for damages.

8. Equity will not restrain defendant from further cutting the timber, there being an adequate legal remedy.

9. But the demand for equitable relief will not prevent plaintiff's recovering in this action the damages to which the facts stated in the complaint entitle him.

APPEAL from the Circuit Court for *Washington* County.

The complaint avers that from August 21, 1845, to February 22, 1866, one Nelson Burst was seized in right of his wife, Eliza Burst, of a certain eighty-acre tract of land in said county, and occupied and cultivated the same; that in December, 1862, plaintiff purchased of him ten acres of growing and standing timber on said land, for $45, and said Burst executed and delivered to him a conveyance of said timber. This instrument is set out in the complaint, and omitting the formal parts, recital of consideration, etc., is as

follows: " I have bargained and sold, and by these presents do grant and convey unto the said party of the second part, his executors, administrators and assigns, ten acres timber out of the east half, etc. [describing the eighty acres first above mentioned, and adding the boundaries of the ten acres]: To have and to hold the same unto the said party of the second part, his executors, administrators and assigns forever; and I do, for myself, my heirs, executors and administrators, covenant and agree to and with the said party of the second part, his executors, administrators and assigns, to warrant and defend the sale of the said property and timber hereby made, unto the said party of the second part, his executors, administrators and assigns, against all and every person and persons whomsoever. And it is hereby covenanted and agreed between the said parties, that the said *Benjamin Strœbe,* * * his heirs, administrators or assigns, shall have a right of way, during the time there is timber remaining on said described premises, in and over a certain strip of land [describing it] to the above described ten acres timber, conveyed to the said party of the second part, his heirs and assigns, and his and their servants, and tenants, at all times freely to pass and repass, on foot, or with horses or oxen, beasts of burden, wagons, carts, sleighs, or other vehicle whatsoever, from the highway to the premises, or ten acres timber so conveyed, in order to get, or haul, or draw, the said timber to the public highway. And I do, for myself, my heirs, executors and administrators, covenant and agree to and with the said party of the second part, his executors, administrators and assigns, to warrant and defend the sale of the said property, timber, goods and chattels * * against all and every person whomsoever." The complaint then avers that, " the said first above described piece of land being a farm used for agricultural purposes, the said sale of said standing and growing timber was made for the purpose

of clearing, improving and preparing said land for cultivation, for agricultural purposes, there still remaining thereon sufficient growing and standing timber for the purposes of said farm." It is then alleged that pursuant to said sale, plaintiff entered upon said premises, and cut and drew away a part of said timber, but before he had cut and taken away the whole of it, defendant "pretended to purchase said lands," and took possession of them about February 22d, 1866; that he did this with full knowledge of plaintiff's contract, and subject thereto; but that since taking possession he has refused to allow the plaintiff to enter upon the premises to cut, secure and carry away the balance of his said timber growing and standing thereon, but has wrongfully cut, carried away and appropriated to his own use a portion thereof of the value of $100; that he continues so to do, and declares that he will so appropriate the whole of the remaining timber; and that there still remains of said ten acres of timber, uncut by plaintiff, and which belongs to him, about five acres, of the value of $200. The judgment demanded is, that defendant, etc., be restrained from cutting and carrying away or interfering with the timber still being, growing or standing on said ten acres; that said injunction " may be perpetual, or for such reasonable time as will enable the plaintiff to cut and haul away said timber;" that defendant may be restrained from preventing plaintiff from entering upon said premies to cut and carry away said timber during said time; and that the value of the timber so wrongfully taken by defendant may be ascertained, and he may be adjudged to pay the same to plaintiff; and for general relief.

The answer was a general denial. At the trial, defendant objected to the introduction of any evidence under the complaint, on the ground that it did not state a cause of action; and the court sustained the objection, and dismissed the complaint. The plaintiff appealed from the judgment.

*Frisby & Weil*, for appellant, to the point that the sale of standing timber by the husband, as alleged in the complaint, was not waste, cited 2 Black. Comm., 281–2; *Jackson v. Bronwnson*, 7 Johns., 227; *Jackson v. Tibbits*, 3 Wend., 341; *Kidd v. Dennison*, 6 Barb., 9; Willard's Eq. Jur., 138; 1 Cruise's Dig., 129, sec. 10, note 32. 2. The court ·can well grant all the equitable relief here demanded. ˙Story's Eq. Jur., sections 30, 33; *Van Rensselaer v. Layman*, 10 How. Pr. R., 505, 507; *Bidwell v. Astor Mut. Ins. Co.*, 16 N. Y., 263; *Cole v. Reynolds*, 18 id., 74; *N. Y. Ice Co. v. N. W. Ins. Co.*, 23 id., 357, 360. Yet to sustain the action it is only necessary that plaintiff should be entitled to *either* legal or equitable relief. *Marquat v. Marquat*, 2 Kern., 336, 342; *Emery v. Pease*, 20 N. Y., 62, 64.

*George W. Foster*, for respondent:

1. The complaint does not show that Burst is still living, and therefore does not show any interest in the plaintiff. 2. If the court should presume both husband and wife living, still he could not convey a right to commit waste. 2 Black., 126; 1 Wasb. R. P., 274–9; 13 Wis., 344–5; 14 id., 365; 15 id., 591; 8 N. Y., 114; 22 id., 517. 3. If the court should presume the wife dead and the husband living, still he could not convey growing timber for profit. Willard's Eq. Jur., 370; 1 Wash., 110. That this was the purpose of the sale is apparent from the nature of the estate granted.

Dixon, C. J. The title of the husband, the plaintiff's vendor, is not accurately pleaded, and by the strict rules of the common law, the complaint in this particular would doubtless be bad. It may be so now; but the objection should be taken by demurrer, or motion to make the complaint more definite and certain. The averment is, " that from the 21st day of August, A.D. 1845, till the 22d day of February, A.D. 1866, one Nelson Burst was seized, in right of'

his wife, Eliza Burst, of the east half," etc. At common law the husband acquires by the marriage a freehold estate in the lands of the wife, but not the fee, which still remains in the wife. Both together have the whole estate, and therefore in law they are considered as seized in fee, and must so state their title in pleading. The husband cannot aver, in pleading, that he alone is seized in fee in right of his wife, because the fee is in the wife, and of this he is seized jointly with her. *Melvin v. Proprietors of Locks, etc.,* 16 Pick., 165. But though this is so, we think the defect is not one which can be taken advantage of by objecting to evidence at the trial. The intention of the pleader to aver a seizin of the husband by virtue of the marriage, which in law constitutes a joint seizin of the husband and wife, and should be so pleaded, is very plain; and, as the opposite party cannot be taken by surprise, the court, instead of rejecting the evidence, should, under the liberal powers of amendment now conferred by statute, rather order an immediate amendment of the complaint, or receive the evidence and allow the complaint to be afterwards amended so as to conform to it.

The next objection is, that the complaint is defective in not averring that Nelson Burst and his wife are still alive, or if the wife be dead, that the husband survives and has become tenant by the curtesy. The reason of this objection is, that, as the estate of the husband in the land of the wife is an estate for their joint lives only, unless the husband survives the wife under such circumstances as to become a tenant by the curtesy, and then only for his life, and as all interest in or title to the estate acquired under the husband ceases absolutely upon the determination of his estate, the complaint shows no cause of action except it appear that the husband still lives and is tenant by the curtesy.

There are two answers to this objection, either of which is sufficient. The first is, that, it appearing that the husband and wife were alive on the 22d day of February, 1866, the presumption is that they are still living, until the contrary is shown by the party who asserts the death. 1 Greenleaf on Ev., sec. 41. When the law presumes a fact, it need not be stated in pleading. 1 Chitty's Pl., 231.

The other answer is, that the determination of the husband's estate, by the death either of himself or his wife, is a matter in defeasance of the action, and need not be pleaded. It is a condition subsequent to the estate of the husband, and in its nature a matter of defense, which ought to be shown in pleading by the opposite party. 1 Chitty's Pl., 233.

Another objection involves the power of the husband to make sale of the timber in question, and the validity of the contract entered into by him for that purpose. This is, perhaps, not a very easy question to decide. If we assume, however, as was assumed at the bar, that the defendant is in possession under a conveyance from the husband and wife which vested in him the entire estate—the ultimate fee simple interest of the wife, as well as the life estate of the husband—then I think the contract is invalid as against the defendant, even though, as alleged in the complaint, he purchased with full knowledge of its existence. The extensive common law powers of the husband over the lands of the wife are well understood. During the continuance of his estate he is entitled to the possession and the enjoyment of the profits, and may do whatever he pleases with the lands, except that he cannot dispose of, impair, or permanently injure, the reversionary estate of the wife. Hence, like other life tenants or holders of particular estates, he can do nothing to the prejudice of the inheritance. He cannot commit waste. By the common law of England, and as the

same is held in some of the states in this country, any cutting and carrying away or selling of the growing timber is waste. The growing timber is a part of the inheritance itself, frequently imparting to it its chief value, and not the product of the estate arising during the time of the tenant, which alone the tenant has the right to take away. The tenant can cut only so much timber as is necessary to keep the fences and buildings in repair, and to supply himself with fuel to be used on the premises. But this strict rule of the common law has been considerably modified in several of the states, to meet the exigencies of a new and unsettled country; and it has been frequently held that the tenant of wild or timbered land may cut down and remove so much of the timber as may be required in order to reduce a due proportion of the premises to cultivation; and that for this purpose he may sell the timber, and it will not be waste. In doing this, the tenant must be governed by the usages of good husbandry in the country, and may clear only so much as a prudent owner of the fee would, proper regard being had to the nature and situation of the land, and the future wants of the reversioner. Enough timber must be reserved for the free use and enjoyment of the estate. The plaintiff invokes the aid of this rule, and has accordingly alleged in his complaint that the land in question is " a farm used for agricultural purposes, and that the sale of the timber was made for the purpose of clearing, improving and preparing the land for cultivation, there still remaining thereon sufficient growing and standing timber for the use of the farm." Conceding the rule to be applicable in this state, that is, in those parts of it where the lands are heavily timbered, and in which this land is situate, yet I do not think the plaintiff, notwithstanding the allegation of the complaint, is in a situation to avail himself of it. It seems clear to me by the

very terms of the contract set out in the complaint, that the sale of the timber to the plaintiff was not for the purpose of clearing the land for cultivation; but that it was for the purpose of enabling the plaintiff to enter upon, hold and occupy the ten acres permanently as a wood lot, from which at his leisure to cut and carry away timber and wood for his own or other use, as he might from time to time deem expedient. In my judgment, the instrument admits of no other possible construction. It is, as nearly as may be, in the form of a deed of conveyance with warranty, and conveys the "ten acres timber" to the plaintiff, to have and to hold the same, to him, "his executors, administrators, and assigns forever." The husband covenants for himself, his heirs, executors and administrators, to warrant and defend the sale of "the said property and timber," unto the plaintiff, "his executors, administrators and assigns, against all and every person and persons whomsoever," and grants to the plaintiff, "his heirs, administrators, or assigns," "during the time there is timber remaining on said described premises," a right of way over other parts of said land, for the plaintiff, "his heirs and assigns, and his and their servants and tenants, at all times freely to pass and repass, on foot, or with horses, or oxen, beasts of burden, wagons, carts, sleighs or other vehicle whatsoever, from the highway to the premises, or ten acres timber so conveyed, in order to get, or haul or draw, the said timber to the public highway." This looks to me not much like a sale of the timber in order to clear the land for immediate cultivation, which is the only authority the tenant has. He certainly cannot sell the timber with a view to clearing and preparing the land for cultivation years hence, when perhaps his estate may have expired. He is limited by what is necessary in their present condition of the estate, reference being had to its immediate use and enjoyment. It

appears to me like a sale of the timber for the mere sake of selling it, and to enable the tenant to put the proceeds in his own pocket, which clearly he has no right to do. If the timber is valuable as a vendible commodity, that value belongs to the owner of the inheritance, and no matter whether the estate is benefited or injured by its removal, it is nevertheless waste.

It is furthermore to be observed of this contract, that it fixes no time within which the timber is to be cut and removed. That time is unlimited. Assuming the sale to be valid to its fullest extent, the plaintiff, his heirs, executors, administrators, or assigns, and his or their tenants, may take fifty or one hundred years for that purpose, and so long as there is a single tree left standing which was growing on the land at the time of the sale, their right of way is preserved to them. But if we assume the sale to be valid only during the lifetime of the husband, then the timber could be cut and removed just before the expiration of his estate, which would clearly have no reference to the beneficial use of the estate by him, and so would be waste. The contract was entered into over three years before the commencement of this action, and yet it appears from the complaint that the plaintiff, at that time, had cut and removed the timber from only five acres of the land.

For these reasons, I am of opinion that the sale was one which the husband was not authorized to make, and which did not bind the wife; and, she not being bound, I think the defendant is not, provided he is in, as I have above supposed, under a conveyance from the husband and wife. As the grantee of the wife and owner of the inheritance, the defendant can repudiate the sale the same as the wife could have done, unless he has debarred himself by having ratified it at the time of his purchase, and taken his conveyance expressly subject to it.

In discussing this question I have assumed, as already observed, that the defendant is in possession under a conveyance from the husband and wife, vesting in him the title in fee to the land. That fact, however, does not appear from the pleadings; and it is upon them that the case must be decided. I have considered it proper to examine the question, because it is altogether likely to have been the one on which the decision turned in the court below, and on which it may turn again. The averment of the complaint is, that "the said defendant pretended to purchase said lands, and took possession of the same, about the 22d day of February, A.D. 1866." If the defendant has no title, and is in possession only under a "pretended" or "supposed" purchase, as are the words of the complaint, or as a purchaser of the life estate of the husband, then it is obvious that he cannot raise the question. So long as the wife acquiesces in the sale made by the husband, or does not resist it, a mere stranger or third person who happens to obtain possession of the land, or has purchased from the husband, cannot object for her. This principle is too familiar to require further elucidation or remark; and the decision of the court sustaining the objection to evidence, even though made on the ground supposed, was erroneous and must be reversed.

So far as the complaint states a cause of action in equity, and demands equitable relief and an injunction to restrain the defendant from interfering with the timber or from preventing the plaintiff from entering upon the premises to cut and carry the same away, it is very doubtful whether it is good. Assuming the contract to be valid as against the defendant, it seems not to be a case of irreparable mischief, but the ordinary one of a trespass to personal property, or of a breach of contract for the delivery of chattels, for which the plaintiff has an adequate remedy by action at law to recover his damages.

But so far as the complaint states a cause of action at law, which it does as to the damages claimed for the timber already cut and carried away by the defendant, it is good, notwithstanding the plaintiff may have inserted other allegations for and demanded equitable relief to which he may not be entitled. *Leonard v. Rogan*, 20 Wis., 540, and cases cited; *Hopkins v. Gilman*, decided at the present term.

*By the Court.*—Judgment reversed, and a new trial awarded.