BOARD OF SUPERVISORS OF KEWAUNEE COUNTY VS. DECKER.

(1) *Amendment of pleading before trial; limit of the right.*    (2) *Appealable order.*

1. It is the settled rule in this state, that a party cannot by *amendment of his pleading before trial*, change the whole nature of his cause of action or ground of defense; and in particular, that plaintiff cannot. under the form of an amendment of his complaint before trial, change the action from one in *tort* to one on *contract*, or the reverse. 5 Wis.. 117, and note on p. 627 of the new edition.

2. An order refusing to strike an amended complaint from the files is *appealable;* and in this case, the amendment being of the character above stated, such an order is reversed.

APPEAL from the Circuit Court for *Kewaunee* County.

This case has been twice before this court on appeal, and is reported in 28 Wis., p. 669, and 30 Wis., p. 624; and a statement of the action as originally brought appears in the volume first named.

Pursuant to the order made in this court on the last appeal (see 30 Wis., 669), the circuit court of Kewaunee county made an order sustaining the demurrer to the complaint, and granted leave to the plaintiff to amend his complaint. Plaintiff then served an amended complaint, substantially the same as the original, except that the words " and converted the same to his own use," are omitted. The defendant's attorneys at once returned the amended complaint, on the grounds that the summons was one for relief; that the complaint theretofore served was in conformity with such summons, for an action in tort; and that the amended complaint proposed to change the causes of action *ex delicto* into several causes of action *ex contractu.* Afterwards the defendant moved to strike from the files of the court the amended complaint, on the same grounds; and appealed from an order denying the motion.

*Felker & Weisbrod*, for appellant :

1. The order is appealable. Tay. Stats., 1635, § 1; 14 Wis.,

436; 18 id., 490, 337; 12 id., 441; 41 Barb., 54; 52 N. Y., 596; 4 How. Pr., 329; 7 id., 74–78; 1 E. D. Smith, 349, 357. 2. It is settled law that a party cannot amend his pleadings so as to entirely change the cause of action. *Newton v. Allis*, 12 Wis., 378; *Sweet v. Mitchell*, 15 id., 641–664; 19 id., 528–82; *Stevens v. Brooks*, 23 id., 196; 30 id., 624; 23 id., 505, 523–28; 29 id., 332; 27 id., 355; 51 N. Y., 108. 3. The defendant chose the proper remedy. 51 N. Y., 108–112; 52 id., 596; 2 Wait's Prac., 478–498; *Gilbert v. Cram*, 12 How. Pr., 455; 22 id., 290.

*J. D. Markham* (with *Gillet & Taylor*, of counsel), for respondent:

There is no restriction upon the power of the court to allow amendments of pleadings, before trial, even though the whole cause of action or ground of defense be changed. Voorhees, Code (9th ed.), 349; 11 How. Pr., 170, 197; 3 Abb. Pr., 86; 22 Barb., 164; 1 Code R., N. S., 388; 16 Barb., 633; 21 How. Pr., 289; 39 Barb., 104; 9 id., 202; 53 id., 570; 7 How. Pr., 294; 15 id., 555; 3 Keyes, 428; 2 Wait's Pr., 507. The following cases also hold substantially the same doctrine: *McIndoe v. Morman*, 26 Wis., 588; *Vilas v. Mason*, 25 id., 310; *Moll v. Semler*, 28 id., 589; *Supervisors of Kewaunee Co. v. Decker*, 30 id., 624. The matter of allowing amendments of pleadings, especially before the trial, is a matter addressed to the discretion of the court, and its action will not be reversed except in cases of abuse of discretion. *M. & M. R. R. Co. v. Finney*, 10 Wis., 388; 28 id., 592; *Dole v. Northrop*, 19 id., 249; *Trowbridge v. Barrett*, 30 id., 661.

COLE, J. The original complaint, according to the decision of this court, stated a cause of action for the wrongful conversion of money, although it was held that the pleading was defective for not setting out the facts showing in what the fraud or wrong of the defendant consisted. 30 Wis., 624. The amended complaint, it is conceded, states a cause of action on

contract for money had and received. And the sole question presented is, whether a party, under the form of an amendment, can change the very gist and nature of the action from one *ex delicto* to one *ex contractu*? The counsel for the plaintiff insists that the true rule of law is, that there is no restriction upon the power of the court to allow amendments *before trial*, even though the effect of the amendment be to change the whole cause of action or grounds of defense. And he refers to a number of decisions in the state of New York, which he claims sustain this position. We shall not go into any examination of those cases to determine whether they sustain to the full extent the position to which they are cited, or not. It is sufficient to say that the rule has been practically settled the other way in this state in a great number of cases, and we have no disposition to throw any doubt upon the correctness of those decisions by treating the question as an open one. The cases in this court will be found in the note of the chief justice to *Brayton v. Jones*, 5 Wis., 117, Appendix, 627, where they are fully commented on and explained. It is there shown that an amendment before trial, which attempts to change the nature of the action from one in tort to one in contract, is properly not an amendment, but a substitution of a cause of action different in nature and substance from that originally stated. The power of amendment does not go to that extent, and therefore the amended complaint in the present case was unauthorized. When evidence is admitted on the trial without objection, great liberality of amendment is exercised by the court in order to conform the pleadings to the facts proven, and give the plaintiff the relief he may seem entitled to. 22 Wis., 337, 476; 26 id., 540. But this stands upon different grounds, as will be seen in those cases. It is true, the amendment was merely striking out only a few words of the original complaint; but it so happens that these words give character to the action, and show it to be one in tort. And we are fully of the opinion — to use an illustration put by the counsel for the defend-

ant — that the code never intended to allow a party to file a complaint for the conversion of a promissory note; then by amendment change the complaint into one for the recovery of real estate; and that again into a bill in equity to enforce the specific performance of a contract, or one to redeem a mortgage; and so on. This is very like a *reductio ad absurdum*; but to that length the position of plaintiff's counsel logically leads. But this question is so thoroughly treated in the note above alluded to, that any further discussion of it seems quite unnecessary.

That the order refusing to strike the amended complaint from the files is appealable, was not seriously questioned on the argument.

*By the Court.* — The order appealed from is reversed, and the cause is remanded for further proceedings according to law.