Johns and others, Respondents, vs. Northwestern Mutual Relief Association, Appellant.

*January 31 — February 23, 1894.*

*Pleading: Action, at law or in equity? Motion to make definite and certain: Mutual benefit insurance.*

By a benefit certificate an insurance company agreed to pay to the beneficiaries eighty per cent. of such sum as an assessment levied upon its members would amount to, not exceeding $4,000. In an action upon the certificate the complaint alleged that the company refused either to pay or to levy an assessment, and demanded judgment for $4,000 or that defendant be compelled to levy and collect the assessment. *Held,* that the complaint should be made more definite and certain, so as to show the precise nature of the cause of action.

APPEAL from the Circuit Court for *Waukesha* County. The action is brought upon a benefit certificate issued by the defendant to one Hubert Johns, whereby it agreed to pay to the beneficiaries of the said Hubert Johns, upon his death, eighty per cent. of such sum as an assessment levied upon its members under its rules would amount to, not exceeding $4,000. The complaint alleges the death of Hubert Johns, that the certificate was in force at the time of his death, that the plaintiffs are his beneficiaries, that due proofs of the death have been made, that the defendant denies its liability and refuses either to pay or to levy an assessment, and concludes with a demand for judgment in these words: "Wherefore the plaintiffs demand judgment against the defendant in the sum of $4,000, or that it may be compelled to proceed to levy and collect the assessment as provided in said contract, or for such other or further relief," etc. Motion was made to require the complaint to be made more definite and certain, so that it shall disclose on its face whether the action is at law or in equity. The motion was denied, and the defendant appeals.

For the appellant there was a brief by *T. W. Haight* and *Chynoweth & Fliegler*, and oral argument by *J. Fliegler, Jr.*

For the respondents there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan.*

NEWMAN, J. "When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleadings to be made definite and certain by amendment." R. S. sec. 2683.

The complaint must contain "a demand of the judgment to which the plaintiff supposes himself entitled." R. S. sec. 2646, subd. 3.

In this complaint, the plaintiffs are altogether noncommittal as to what judgment they suppose themselves to be entitled to. They demand no specific judgment. They will

Johns and others vs. Northwestern Mutual Relief Ass'n.

be content with either of two judgments which they name; either a legal judgment or an equitable judgment — it is a matter of indifference which — will answer their purpose. Such a demand, certainly, is not a compliance with the statute.

Such a defect in the complaint would not usually have the effect to leave the cause of action intended to be set out uncertain. It would not be a serious defect, perhaps, in a complaint which should state such facts, only, as make a clear cause of action on contract for a money judgment, or such as make a clear cause of action for an equitable judgment only. In such case, while the demand for judgment might not be in compliance with the statute, it would not be uncertain what cause of action was intended to be stated. But in a case where the facts stated in the complaint may constitute a cause of action for either a legal judgment or for equitable relief, as the plaintiff may choose, then the failure of the plaintiff to specify, in the demand for judgment, the particular judgment to which he supposes himself entitled, may make the whole complaint uncertain as to the nature of the cause of action which the plaintiff intended to set out. Such a complaint is ambiguous. It looks two ways. It is, both in its allegations and in its demand for judgment, for either relief, indifferently and impartially, and for neither definitely and certainly.

The complaint states facts which would entitle the plaintiffs to a money judgment on contract for substantial damages. *Jackson v. Northwestern Mut. R. Asso.* 73 Wis. 507. And, apparently, it was in the mind of the pleader that, on the facts stated the plaintiffs might be entitled to an equitable judgment requiring the defendant's officers to levy and collect an assessment. The theory of the pleader seems to be that the plaintiffs are entitled to either remedy, in their election, and that the election may be made upon the trial.

Evidently the pleader has not supposed that he was en-

titled to both remedies in the same action. He asks for only one remedy — one or the other, in the alternative. Besides, he would not be permitted, in one count, to combine several causes of actions of different kinds — as one on a money demand on contract, and one for equitable relief. *Kewaunee Co. v. Decker*, 30 Wis. 624; *Horn v. Ludington*, 32 Wis. 73. Separate causes of action must be separately stated. R. S. sec. 2647.

If this question of the sufficiency of the complaint arose on demurrer, the court would determine what cause of action the pleader intended to set out, and whether it was sufficiently set out. *Kewaunce Co. v. Decker*, 30 Wis. 624. On a motion to make the complaint definite and certain, the court will require the plaintiff to make "the precise nature of the charge"— the cause of action —"apparent" upon the face of the complaint. This is no more than the statute required of him at the first. This can be done in this complaint in different ways. It can be done by conforming the demand for judgment to the requirement of the statute. It can also be done by omitting from the complaint those facts which look only to equitable relief. Certainty in the demand for judgment would cure the difficulty. It would make apparent the precise nature of the cause of action which the plaintiffs intended to set out in their complaint.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.