## HAYDEN v. THOMPSON et al.

### (Circuit Court, D. Nebraska. April 23, 1895.)

1. LIMITATION OF ACTIONS—RUNNING OF STATUTE—TRUSTS.
    Where dividends were paid stockholders in a bank out of its capital stock, if the dividends constitute a trust fund in the hands of the stockholders for the benefit of creditors, it is a constructive trust, and the statute of limitations began to run against an action to recover such dividends from the date of payment.

2. SAME—ACTION BY RECEIVER.
    The statute of limitations runs against the right of a bank to recover dividends paid to its stockholders out of its capital stock, either through fraud or mistake, from the date of payment, and, when an action by the bank to recover such dividends would be barred, an action by a receiver on behalf of creditors is also barred.

3. EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.
    The receiver of a national bank cannot maintain a bill in equity against its stockholders to recover dividends illegally paid them out of its capital stock, as they may be recovered in an action at law.

4. SAME—PLEADING—MULTIFARIOUSNESS.
    Equity cannot entertain jurisdiction of a bill by the receiver of a national bank against its stockholders to recover dividends illegally paid them out of its capital stock, on the ground of preventing a multiplicity of suits, as such a bill is multifarious, one stockholder having no interest in the claim against another.

5. NATIONAL BANKING ACT—ILLEGAL DIVIDENDS—LIABILITY OF DIRECTORS.
    The remedy against directors of a national bank provided by Rev. St. § 5239, for violations of the national banking act, is exclusive, and their liability for declaring and paying dividends out of the capital stock of the bank can be enforced only by the receiver acting under the direction of the comptroller, after the violation of the statute has been judicially determined, and a forfeiture declared.

Bill in equity by the receiver of the Capital National Bank of Lincoln, Neb., to recover dividends paid to stockholders.

Mr. Lamberson and Mr. Harvey, for plaintiff.

Mr. Flansburg, Mr. Ames, Mr. Hall, Mr. Magoon, and Mr. Deweese, for defendants.

Before DUNDY and RINER, District Judges.

RINER, District Judge. The bill in this case is filed by the receiver of the Capital National Bank of Lincoln against the stockholders of the bank to recover dividends paid by the bank, to the stockholders at different times from its organization until the bank became insolvent, in January, 1893.

The principal allegations of the bill, briefly summarized, are that from the date of its organization up to the date of its failure the bank did a large business, and received large sums of money on deposit; that its expense account was large, and from the date of the organization to the date of the failure it met with and sustained great losses in business, and that by reason of these losses the capital stock became and was greatly impaired; that at no time since its organization had there been any earnings or profits in any given year; that notwithstanding the fact that there were no net earnings or profits from which a dividend could be declared, the directors, for the

years the bank was transacting business, **unlawfully and fraudu-lently**, and with the intent to further impair the capital of the bank, and to defraud its creditors, declared certain dividends in various amounts, which are each set out in the bill pro rata to the stock held by the respective stockholders, defendants in this case; that the stockholders accepted and retained the dividends so declared, and that the bank was insolvent at each and all of the times when these dividends were declared and paid. The bill then proceeds to set out in detail a history of the transactions of the bank, and prays that the court decree the several acts of the directors of the bank in declaring and paying the dividends to shareholders unlawful and fraudulent, and that the stockholders be ordered to return and pay back the dividends to the receiver, to be paid out and apportioned among the creditors of the bank. To this bill a number of the defendants have demurred; others have answered, pleading the statute of limitations, and the right to set off the amount of their deposits in the bank against any claim that the court may find due from them to the bank upon these dividends.

Several very interesting questions were urged and were fully discussed at the argument. We do not find it necessary, however, in disposing of the case, to consider all of the questions presented. It is contended by the defendants that in some instances all of the dividends paid to them as stockholders of the bank, and in other cases a part of the dividends, are barred by the statute of limitations of this state, and, in this last-mentioned class, that, where dividends are not barred, the parties have the right to set off their liability, if any, for these dividends, against the indebtedness due them from the bank upon their deposits in the bank at the date of its failure. The bill seeks to.charge the defendants with this liability upon the ground that in each instance when they accepted the dividend it was accepted and received by them impressed and charged with a trust in favor of the bank and its creditors, and that, therefore, although the defendants are not charged with any participation in the alleged fraud of the directors, they are, nevertheless, liable to the extent of these dividends, for the reason that the effect of their payment was to diminish the capital stock. The rule is well settled that express trusts are not within the statute of limitations, for the reason that the possession of the trustee is the possession of his cestui que trust. This rule, however, is subject to this qualification: that the time begins to run against a trust as soon as it is openly disavowed by the trustee insisting upon an adverse right and interest, which is clearly and unequivocally made known to the cestui que trust. Hence it follows that, in the case of an implied or constructive trust, unless there has been a fraudulent concealment of the cause of action, lapse of time is a complete bar, both in equity and at law. Recognizing this rule, it was contended by counsel for the plaintiff at the argument that the allegations of the fraudulent action of the directors in declaring these dividends charged the dividends with a trust in the nature of an express trust, and that, because of the fraud of the directors in declaring the dividends, they bring themselves within the twelfth section of the stat-

ute, and the time, therefore, did not begin to run until after the discovery of the fraud by the receiver, who represents the creditors of the bank. To this proposition we cannot assent. These stockholders are not charged with any fraudulent act in connection with declaring these dividends. The only allegations of fraud in the bill are against the directors as officers of the bank. These dividends were paid to the stockholders, accepted and retained by them openly and notoriously as their own from the date of their pay ment until the bank closed. The liability of the defendants to the bank for these illegal dividends, if they were illegal, does not arise solely because of the fraud of the directors, but because of the fact that the dividend itself was illegal, in that it impaired the capital stock, and was not taken from the profits. This would be equally true if the dividend was paid by mistake of the directors. We are of opinion that in either case the liability of the stockholder exists, if at all, by implication of law for the receipt of money which did not belong to him, and that the time would begin to run from the date of its payment. In other words, we do not find that the trust, if it was trust, is such an express and continuing trust as would bring the case within the exclusive jurisdiction of a court of equity. The money, as already stated, was received by the stockholders in their own right, and they claim that they were legally entitled to it. There is nothing in the bill, as it seems to us, which will authorize the inference that these stockholders ever agreed to hold these dividends in trust for anybody, or that they claimed them otherwise than as belonging to themselves. If, then, the payment of the dividends constituted a trust at all in the hands of the stockholders, it was by implication of law, and not such a trust as was within the exclusive jurisdiction of a court of equity, but was cognizable in a court of law, and therefore lacked the essential attributes of trusts which are exempt from the statute.

The right of action for the recovery of these dividends, if paid either through fraud or mistake, was in the bank, and this right of action existed as soon as they were paid over to the stockholders. The time of limitation commenced to run from that period, and when the bar became complete against the bank it was also complete against a creditor of the bank. As was well stated by the supreme court of Kentucky: If a debtor cannot recover a payment because it is barred by the statute of limitations, most certainly a creditor of the debtor cannot compel its payment in discharge of his debt on the ground that his cause of action had accrued within the time specified by the statute. His rights are measured by and do not exceed those which belong to his debtor. We do not think this rule is changed or modified, as was urged at the argument, because the case is brought by the receiver for and on behalf of all creditors. The receiver took the same rights, so far as the collection of claims is concerned, as existed in favor of the bank; no more, no less. If these defendants could plead the bar of the statute against the bank, we think they can also plead it where the suit is by the receiver on behalf of the creditors of the bank. We are aware that the views here expressed conflict with a decision announced by the circuit

court in another district of this circuit. The learned judge who announced the conclusions of the court in that case put his judgment upon the ground that the case was in the same situation as if the stockholders had never paid for their stock, and goes to the extent of holding that, even if it were conceded that the corporation was barred, the creditors would not be. To this view we cannot assent, for the reason that, in the absence of any participation in the fraud by the stockholders, the rights of the creditors are measured by and limited to the rights of the bank.

Another question presented is whether, in any event, a bill in equity can be maintained. In other words, must not this plaintiff, if entitled to any relief at all, pursue his remedy in a court of law. It is the settled doctrine of the federal courts that whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy without the aid of a court of equity, the plaintiff must proceed at law. Accordingly it has been held that a suit in equity to enforce a legal right can be brought only when the court can give more complete and effectual relief in kind or in degree on the equity side than on the law side of the court; for example, by compelling a specific performance or the removal of a cloud on the title to real estate, or preventing an injury for which damages are not recoverable at law, or where an agreement procured by fraud is of a continuing nature. In cases of fraud or mistake, as under any other head of equity jurisdiction, a court will not sustain a bill in equity to obtain a decree for the payment of money only, and by way of damages, where a like amount can be recovered at law. This, we think, is the rule both in this country and in England. It is true, as was suggested at the argument, that a favorite object with a court of equity is to prevent a multiplicity of suits, and for this purpose it is uniformly held that all persons materially interested must be made parties. The forms of proceeding in equity, and the power of the court to mold its decree to suit the various equities and rights of the parties as established by the record, enables a court to adjust in a single suit rights and interests which, according to the rules of pleading at law, would necessarily result in various issues, incapable of being tried in a single case, and disposed of by a single judgment. This disposition, however, of a court of equity to prevent a multiplicity of suits will not permit several plaintiffs to demand by one bill several matters perfectly distinct and unconnected against one defendant, nor one plaintiff to demand several matters of different natures against several defendants; the rule being that a bill against several persons must relate to matters of the same nature having a connection with each other, and in which all of the defendants are more or less concerned. Thus it has been held that, if an estate has been sold in parcels to different purchasers, a vendor cannot unite them in one bill for a specific performance, nor can they unite in one suit against the vendor for the same purpose, for the reason that the rights of each are separate and independent, and each case must depend upon its own peculiar circumstances. This, we think, is true in the case at bar. What possible interest has

any one of these stockholders who have received dividends in the result of the claim against any other stockholder? It is not contended that, in any event, could a stockholder be made liable for more than the amount of dividends received by him; therefore his interest is entirely independent of the interest of every other stockholder receiving dividends.

Another proposition urged at the argument, which we will briefly consider, is whether the remedies and rights of the parties and the liability of the stockholders as fixed by the national banking act are not exclusive. At common law the individual property of the stockholder could not be subjected to the payment of the debts of a corporation under any circumstances. The liability to pay assessments on stock, made by the comptroller, exists only by virtue of the statute, and the assent of the incorporators to its provisions. The liability for the assessment is maintained upon the ground, and the sole ground, that in subscribing for a share of stock the stockholder accepts the provisions of the statute, and takes the stock charged with this statutory liability in case an assessment becomes necessary, in the opinion of the comptroller, for the protection of creditors. So far as any assessment of the stock is concerned, the liability of a stockholder is fixed and determined by the statute. No provision is made for a proceeding of the character here sought to be maintained, hence we think, if a bill is sustained at all, it could only be sustained upon the ground that a stockholder, in subscribing for the stock, took it charged with an express or continuing trust. As to the directors, however, of whose alleged fraudulent action complaint is made, the statute does provide a remedy in section 5239, and we are inclined to the view that the method provided by the statute for enforcing a liability against the directors is exclusive of other remedies, and that their liability can only be enforced by the receiver acting under the direction of the comptroller, after the violation of the statute has been judicially determined by a court of the United States, and a forfeiture declared. When this course is taken, they may be held liable in a personal and individual capacity for all damages which the association, shareholders, and other persons shall have sustained in consequence of their violation of the provisions of the statute. The demurrers to the bill will be sustained, and the exceptions to the answers overruled, and the bill dismissed.

DUNDY, District Judge., concurs.