UNITED STATES v. CLARK et al.

(Circuit Court, D. Montana. April 1, 1904.)

No. 209.

1. LANDS—ENTRY—FRAUD—PLEADING.

A bill by the United States alleged that public land in controversy had been entered by certain persons, acting in collusion with defendant C., for the purpose of obtaining title to the land and conveying the same to defendants; that the entries were made by fraud and misrepresentation, to which C. was a party; that C. acted for himself and the other defendant, who well knew, at the time the land was conveyed to him by C., all the facts constituting the fraud, and that the land had been entered in violation of the laws of Congress, and that the entrymen had entered the same for hire, on speculation, for the purpose of enabling defendants to obtain title in violation of the laws of Congress. *Held*, that such bill stated a sufficient cause of action against both defendants.

2. SAME—PARTIES.

The entrymen by whom the land had been conveyed to defendants before patents issued were not necessary parties to the bill.

3. SAME—MULTIFARIOUSNESS.

Where several entrymen on public land conspired with defendant C. to make their entries for the benefit of C. and his codefendant, to whom the land was subsequently conveyed, a bill to set aside such entries as fraudulent was not multifarious in that each of such entries was a separate transaction.

See 125 Fed. 774.

P. C. Knox, Atty. Gen., M. C. Burch and F. A. Maynard, Special Asst. U. S. Attys., and Carl Rasch, U. S. Atty.

W. M. Bickford and W. A. Clark, Jr., for defendants.

KNOWLES, District Judge. The United States, as complainant, sues the defendants, William A. Clark and Robert M. Cobban, in

this action, to declare void, and to declare canceled and held for naught, certain patents for certain lands situated in the District of Montana, and purchased by some 50 persons from the United States under the so-called "Timber and Stone Acts"; and also to compel the said Clark to release and convey his purchased title, and all interest claimed by him in and to said lands, to the United States.

To the bill of complaint filed herein the said defendants have interposed separate demurrers, the grounds thereof being substantially the same, and are: (1) That said bill of complaint does not state facts sufficient to constitute a cause of action, either at law or in equity in favor of the complainant and against the defendants. (2) That there is a want of proper parties defendant to said bill, in this: That the said bill charges a joint conspiracy between several different parties, and alleges an agreement and contract with certain parties who made entry or entries under a law of the United States approved June 3, 1878, 20 Stat. 88, whereby the said parties agreed to sell and transfer their lands before making entries of said lands under said law. That Susan Alford and 49 others are named as parties who entered said lands under said law, and that each committed a fraud against the United States in the making of their said entries. (3) That the bill is multifarious and improperly confounds distinct demands, in that each of the entry men and women mentioned in said bill of complaint made a separate and distinct entry of a particular tract of land, which is set forth and described in said bill, and that each of the said entries is based upon a separate and distinct set of facts, and has no relation to any other entry mentioned in said bill.

Sufficient facts are set forth in the bill to show that the several parcels of land entered by the entry men and women named in the bill were procured from the United States by fraud and misrepresentation, and that the said Cobban was a party to these frauds; and it is also stated that the said Cobban acted for himself, and for the use and benefit of Clark. It is also charged that the defendant Clark well knew, in a general way, if not in detail, at the time the said conveyances to all of said lands were made to him by the said Cobban, the facts constituting the frauds alleged to have been committed by the said entry men and women and said Cobban, and well knew, and had good cause to know, that the said lands had been entered in violation of the laws of Congress under which the said entries were made, and that the said several parties had entered the same for hire and upon speculation, and for the purpose of enabling him, the said defendant Clark, through the said Cobban, to procure title from the United States to the same by evasion and violation of said laws of Congress. Under these allegations it would appear that there is a good cause of action against both Clark and Cobban. Cobban, it appears from the bill, obtained a conveyance of the said lands from the entry men and women, and conveyed the same to Clark, and it is claimed they were acting together in the procuring of title to these lands. Considering these allegations, I hold that the bill does state facts sufficient to constitute a cause of action.

Under the second ground, that there is a want of proper parties defendant to the bill, the claim is made that all the persons who made the entries named in the bill should have been joined with Clark and Cobban as defendants. The bill shows that patents were issued to these parties, that before patents issued they conveyed the lands to Cobban, and that Cobban subsequently conveyed the same to Clark. Under and by virtue of the statute law of Montana, the title subsequently obtained by these parties inured to the benefit of Clark. A fraudulent grantor of land, as he has no further interest therein, is not deemed a necessary party to a suit brought to set aside the conveyance. 1. Beach, Mod. Eq. Pr. § 72; Dunn v. Wolf et al. (Iowa) 47 N. W. 887. In the case of Northern Pacific R. R. Co. v. Kindred (C. C.) 14 Fed. 77, an action was brought to set aside certain deeds fraudulently obtained for certain lands of the Northern Pacific Railroad Company. In that case it was insisted that the parties who first received a conveyance of these lands, and afterwards conveyed them to Kindred, should have been made parties. In considering this matter, Judge McCrary said:

"* * * The only necessary parties are the persons who have some present interest in the controversy, and against whom the complainant has a right to decree for relief. The persons who are alleged to have been used as the instruments of the frauds, and who have, in pursuance of the conspiracy, conveyed to others the title which was once vested in them, are not necessary parties."

See, also, Cherokee Nation v. Hitchcock, 187 U. S. 294, 23 Sup. Ct. 115, 47 L. Ed. 183.

The next point presented is that the bill is multifarious. The claim is made that each one of the entries made by each one of the parties making the same is a separate and distinct act, based upon a separate and distinct set of facts, and has no relation to the other entry mentioned in said bill. In the case of Hayden v. Thompson, 71 Fed. 60, 17 C. C. A. 592, it was held that, where a bill charged that separate stockholders of an insolvent national bank had received separate dividends, they could be charged in a bill in equity by its receiver with holding the money each had received in trust for the creditors of the bank. In that case each stockholder had received a separate dividend upon a separate amount of stock. That, upon the facts, would seem to be a stronger case in support of the contention of the defendants than the one at bar. The Circuit Court, on the argument on the demurrers, held, in favor of the defendants, to the effect that the bill was multifarious (67 Fed. 273); on appeal, the decision of the court below was reversed. In N. P. R. R. Co. v. Kindred, supra, it was held that, where the bill charged a conspiracy entered into for the purpose of obtaining the complainant's lands for less than their value, through the fraud of its agents, a bill was not multifarious because each particular transaction charged is several in character and distinct from all the others. In the case at bar a conspiracy is also charged. In 1 Beach, Mod. Eq. Pr. § 134, the author says:

"There is no such general principle that distinct matters between the same parties, and who sue or are sued, cannot properly be united in the same bill.

On the contrary, there are several cases in which it has been held that matters of the same nature and between the same parties, although arising out of distinct transactions, may be joined in the same suit."

See, also, Id. § 129.

The suit in this case is against two defendants, while the transactions by which title was obtained from the United States were separate; still the cases are all much alike; the grounds for relief in each case are the same, and the uniting of all of them in one action prevents a multiplicity of suits, and I can see no good reason for requiring 50 separate suits when one will accomplish the same purpose fully. As to multifariousness it is said: "It is almost universally declared that every case must be governed by its own circumstances, and the question is left to the discretion of the court." Section 115, Beach, supra.

For the foregoing reasons, the defendants' demurrers must be, and the same are hereby, overruled.