## BAILEY v. MOSHER et al.

(Circuit Court of Appeals, Eighth Circuit. September 10, 1894.)

### No. 418.

1. REMOVAL OF CAUSES—FEDERAL QUESTION — ACTION AGAINST OFFICERS OF NATIONAL BANK—CODE PLEADING.

One who loaned money to an insolvent national bank sued in a Nebraska state court to recover the amount from the officers and directors. The petition, which was drawn under the Code, averred that plaintiff was deceived as to the bank's condition by false reports to the comptroller of the currency; that defendants loaned excessive amounts of the bank's money to single persons, made large loans to the president and cashier, and paid dividends when there were no profits,—all in violation of the national banking act. In conclusion, the petition averred that, "by reason of the several violations of the banking law as above set forth," defendants were liable, etc. *Held*, that the petition stated a cause of action for violation of the national bank laws, and not a mere action for deceit at common law; and that the case was therefore properly removed from the state to the federal court.

2. SAME—CODE PLEADING.

The clauses in the petition which tended to state a cause of action for deceit could not be segregated from the other clauses, and held to constitute the statement of the cause of action. The plaintiff having seen fit, in his concluding averment, to state the legal effect of the facts set forth, cannot complain if his adversary and the court accept his own theory, especially when his pleading is ambiguous, and will support that theory as well as or better than any other.

3. SAME—"PARAGRAPH" DEFINED.

The word "paragraph," as used in code pleading, means an entire or integral statement of a cause of action. It is the equivalent of "count" at common law. It may embrace one or many sentences, but, whether one or many, it constitutes a statement of a single cause of action.

4. NATIONAL BANKS —MISCONDUCT OF OFFICERS — PERSONAL LIABILITY—WHO MAY ENFORCE.

A creditor of an insolvent national bank which has passed into the hands of a receiver cannot maintain an action to enforce, against officers and directors who have violated the banking laws, the personal liability imposed by Rev. St. § 5239; for this personal liability is an asset of the bank, belonging equally to all creditors, and must therefore be enforced by the receiver of the bank for their benefit in proportion to the amount of their claims.

In Error to the Circuit Court of the United States for the District of Nebraska.

S. B. Pound (Lionel C. Burr, Richard S. Norval, Benjamin F. Norval, and George W. Lowley, on the brief), for plaintiff in error.

J. W. Deweese (T. M. Marquett and F. M. Hall, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought in the district court of Lancaster county, Neb., by Thomas Bailey, the plaintiff in error, against Charles W. Mosher, Homer J. Walsh, Rolla O. Phillips, Charles E. Yates, Ellis P. Hamer, Ambrose P. S. Stewart, and Richard C. Outcalt, the defendants in error, and removed into the circuit court of the United States for the dis-

trict of Nebraska on the petition of the defendants, upon the ground that the suit was one arising under the laws of the United States. A motion to remand the cause to the state court was overruled, and a demurrer to the complaint was sustained, and final judgment entered for the defendants; whereupon the plaintiff sued out this writ of error, assigning for error these rulings of the circuit court. The petition alleges the plaintiff loaned the Capital National Bank of Lincoln $11,500, and seeks by this suit to recover the same from the defendants, who were directors of the bank, upon grounds to be presently stated.

We have only found it necessary to consider two of the many questions discussed in the briefs of counsel. It is earnestly contended that this is not a suit arising under the laws of the United States, but is an action for deceit, with which the national banking act has no connection. The soundness of this contention must be tested by the averments of the petition. The petition states a single cause of action, founded wholly on the alleged misfeasance and nonfeasance of the defendants in their capacities as officers and directors of a national bank. The alleged official misconduct of the defendants which is relied upon as stating a ground of action is particularly set out. It is alleged that they made false and misleading reports as to the condition of the bank to the comptroller of the currency, by which the plaintiff was deceived and misled as to the condition of the bank; that loans were made to persons in excess of the amount which could lawfully be loaned to any one person; that they made large loans to the president and cashier of the bank, in violation of the banking act, and declared and paid dividends when there were no earnings or profits out of which to pay them; that all of these acts were violations of the national banking act, and of the duties of the defendants as officers and directors of the bank under that act; and the complaint concludes with the averment that, "by reason of the several violations of the banking law as above set forth," the defendants are liable to the plaintiff in the sum sued for. In view of the last averment of the petition it is difficult to perceive how the plaintiff can successfully maintain that his cause of action does not arise under a law of the United States. It is said in the brief of the learned counsel for the plaintiff in error that, if certain allegations of the petition state a cause of action for a violation of the national banking act, the preceding paragraphs state an independent cause of action for deceit. A petition containing a single paragraph cannot be made to subserve the purpose of two distinct and dissimilar causes of action. Kewaunee Co. v. Decker, 30 Wis. 624. We feel constrained to hold that, properly construed, the petition contains but one paragraph or count, and states but one cause of action, and that the cause of action stated is one for the misfeasance and mismanagement of the affairs of the bank by the defendants as its officers and directors. We cannot adopt the view of the plaintiff in error,— that those clauses of the petition which state, or tend to state, a cause of action for deceit at common law, should be

segregated from the other clauses of the petition, and held to constitute the statement of the cause of action. The court cannot reject the allegations of the petition which do state a cause of action under the banking act, for the purpose of converting mere matter of inducement or surplusage, contained elsewhere in the petition, into a substantive statement of a cause of action different from that which the petition in terms declares to be the foundation of the action. The plaintiff was not bound to state the legal effect of the facts set out in his petition, but, having done so, he cannot complain if his adversary and the court accept and act upon his own theory. Especially is this so when the petition is ambiguous, and will support that theory as well as or better than any other.

In the sense of the word, as used in code pleading, there is but one paragraph in this petition. The term "paragraph," as used in code pleading, means an entire or integral statement of a cause of action. It is the equivalent of "count" at common law. It may embrace one sentence or many sentences; but, whether one or many, it constitutes a statement of a single cause of action. It is a requirement of some codes that, if the petition contains "more than one cause of action, each shall be distinctly stated in a separate paragraph and numbered" (Code Ark. § 5027); and all of them require that each cause of action shall be separately stated and numbered. The Nebraska Code provides that, "where the petition contains more than one cause of action, each shall be separately stated and numbered." Consol. St. Neb. 1891, § 4633, (93). And the supreme court of that state, construing this section, have said: "A plaintiff cannot jumble his causes of action together." Bank v. Bollong, 24 Neb. 821, 40 N. W. 411. If, in drafting the petition, the pleader supposed he was stating more than one cause of action, he would undoubtedly have separately stated and numbered them, as required by the Nebraska Code. No one can point out in this petition where the statement of one cause of action ends and another begins. The plaintiff cannot reform or amend his petition in this court. If it were possible to spell out of the averments of this petition, taken separately or together, an action for deceit, the court would be precluded from attaching that meaning to them by the positive statement contained in the petition itself that the action is grounded on the "violations of the banking law" therein set out. Section 5239 of the Revised Statutes of the United States provides that:

"If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents or servants of the association to violate any of the provisions of this title, all the rights, privileges and franchises of the association shall be thereby forfeited. * * * And in cases of such violation, every director who participated in, or assented to, the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person shall have sustained in consequence of such violation."

It is obvious that the plaintiff, in the inception of this case, had in view the enforcement of the defendants' liability under the last

clause of this section. Under section 2 of the judiciary act of August 13, 1888, a removal cannot be sustained upon a statement, in the defendant's petition therefor, that the suit is one arising under the laws of the United States, but that fact must appear by the plaintiff's statement of his own claim. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654. In this cause the plaintiff's petition does disclose that the cause of action is one arising under the laws of the United States. Tennessee v. Davis, 100 U. S. 257, 264; Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. 340; Walker v. Bank, 5 U. S. App. 440, 5 C. C. A. 421, 56 Fed. 76.

The petition shows that the bank of which the defendants are officers and directors is insolvent, and has passed into the hands of a receiver appointed by the comptroller of the currency under the national banking act. The liability of the defendants, whatever it may be, for the acts complained of in the petition, is an asset of the bank, belonging equally to all the creditors in proportion to their respective claims, and cannot be appropriated, in whole or in part, by a single creditor to the exclusive payment of his own claim. It is the policy of the national banking act to secure the ratable distribution of the assets of an insolvent national bank among all its creditors. Assuming that the defendants are liable in damages for the acts complained of in the petition, they are liable at the suit of the receiver, who is the statutory assignee of the bank, and the proper party to institute all suits for the recovery of the assets of the bank, of whatever nature, to the end that they may be ratably distributed among its creditors. Rev. St. U. S. § 5234; Kennedy v. Gibson, 8 Wall. 498; Bank v. Colby, 21 Wall. 609; Hornor v. Henning, 93 U. S. 228; Stephens v. Overstoltz, 43 Fed. 771; Bank v. Peters, 44 Fed. 13. The law will not allow one creditor to appropriate the whole liability of the directors to his own benefit. It is well settled that an injury done to the stock and capital of a corporation by the negligence or misfeasance of its officers and directors is an injury done to the whole body of stockholders in common, and not an injury for which a single stockholder can sue. Smith v. Hurd, 12 Metc. (Mass.) 371; Howe v. Barney, 45 Fed. 668. The same rule applies to the creditors of a corporation. But it is said the plaintiff is not suing as a creditor of the bank, or for its mismanagement, but for the fraud and deceit practiced upon him through the defendants' report to the comptroller of the currency, by which he alone was damaged. As we have seen, the frame of the petition will not support this contention. The motion to remand was properly overruled, and the demurrer to the petition rightly sustained, upon the ground that the plaintiff is not the proper party to sue for the cause of action stated in the complaint as we construe it. These rulings make it unnecessary to express any opinion upon the other questions so fully and ably argued by counsel. The judgment of the circuit court is affirmed.