moment it will be provided for. In any event she will be amply secured out of the proceeds of sale. It is ordered, adjudged, and decreed that the judgment held by the petitioner, Dora Madden, is a proper claim against the property and franchises of the Port Royal & Western Carolina Railway Company; that said claim take priority and precedence over the mortgage of the said railway company, executed to the Central Trust Company of New York, bearing date 2d May, 1887, and over the bonds secured thereby; that in any order of sale hereafter to be made of said property and franchises this priority and preference must be provided for and secured; that the amount of said claim is $5,000, with interest from the 9th day of March, 1893, and costs, $97.45.

---

### KING v. MOSHER et al.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1894.)

No. 444.

In Error to the Circuit Court of the United States for the District of Nebraska.

Action by Shepherd H. King against Charles W. Mosher and others, commenced in the district court of Lancaster county, Neb., and removed on petition of defendants into the circuit court of the United States for the district of Nebraska. There was an order overruling a motion to remand the cause to the state court and sustaining a demurrer to the complaint, and a final judgment for defendants. Plaintiff brings error. Affirmed.

Allen W. Field and Edward P. Holmes, for plaintiff in error.

T. M. Marquette, J. W. Deweese, F. M. Hall, and F. E. Bishop, for defendants in error Homer J. Walsh and others.

Charles O. Whedon and Charles E. Magoon, for defendant in error Thompson.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This case is similar in all respects to the case of Bailey v. Mosher (No. 418, decided at the present term) 63 Fed. 488, and on the authority of that case the judgment of the circuit court is affirmed.

---

### HARTFORD FIRE INS. CO. v. WILLIAMS et al.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1894.)

No. 454.

1. FIRE INSURANCE—MORTGAGE CLAUSE—ADDITIONAL INSURANCE—PRORATING.
   The provision, in a mortgage clause of a fire policy, that the insurer "shall not be liable under this policy for a greater portion of any loss than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein," requires the mortgagee to prorate with all policies on the property, and is not limited to policies covering his interest, notwithstanding a prior general provision in the mortgage clause that "this insurance, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor or owner."