GERNER v. THOMPSON et al.

(Circuit Court, D. Nebraska. May 7, 1896.)

1. NATIONAL BANKS—ACTION AGAINST DIRECTORS—REV. ST. § 5239.

An action against the directors of a national bank under the provisions of Rev. St. § 5239, can be maintained only by a receiver of the bank; and an action by a private individual against such directors for damages arising from the making of false reports or other violations of the national banking act can only be maintained as an action at the common law in the nature of an action of deceit.

2. SAME—NECESSITY OF FORFEITURE.

It seems that to maintain a suit by the receiver of a national bank to enforce the liability of its directors, arising under the provisions of Rev. St. § 5239, it must appear that a forfeiture of the charter of the bank has been adjudged by a court of the United States at the suit of the comptroller of the currency, as provided in that section. Welles v. Graves, 41 Fed. 459, reaffirmed. Hayden v. Thompson, 17 C. C. A. 592, 71 Fed. 60, distinguished. Stephens v. Overstolz, 43 Fed. 771, disapproved.

Action for damages under provisions of section 5239 of the Revised Statutes. Submitted on demurrers to amended petition.

Webster, Rose & Fisherdick, for plaintiff.

Charles O. Whedon and Deweese & Hall, for defendants.

SHIRAS, District Judge. This action was originally brought in the district court of Lancaster county, in this state, and was thence removed to this court by the defendants on the ground that the controversy was one arising under the laws of the United States, in that the defendants were proceeded against as directors of the Capital City National Bank, a corporation created under the statutes of the United States, and under the provisions of section 5239 of the Revised Statutes. The jurisdiction of this court can only be sustained upon the theory that the right of action is based upon the

provisions of the statutes of the United States, for, if it is based upon a common-law right of action, then the defendants did not have the right of removal to this court, for the reason that the requisite diversity of citizenship does not exist, and the defendants are residents of the state of Nebraska. In Bailey v. Mosher, 11 C. C. A. 304, 63 Fed. 488, the court of appeals for this circuit held that actions of this character, based upon the provisions of the national banking act, could be brought only in the name of the receiver. The facts in that case as averred in the petition were that Bailey had been induced to loan to the Capital City National Bank the sum of $11,500 in reliance upon the correctness of the official reports made by the directors to the comptroller of the currency, and published in the public newspapers, touching the condition of the bank, it being averred that these reports were intentionally falsified, that dividends had been paid when there were no earnings for the payment thereof, and that other violations of the banking act had been committed, whereby the plaintiff had been damaged in being induced to loan money to an insolvent bank. The court held that the petition counted only on the provisions of the banking act, and not upon the common law, and therefore the action could not be maintained, because it was not in the name of the receiver. The effect of this decision, if I correctly apprehend its meaning, is that rights of action created by the provisions of the banking act are to be deemed part of the assets of the corporation, and as such are enforceable only by the receiver in case the bank has become insolvent; but rights of action arising at the common law, and growing out of transactions not injuriously affecting the capital stock or the interests of the shareholders at large, may be enforced by any one suffering special injury thereby. Under the ruling of the court of appeals in Bailey v. Mosher, to maintain this action in its present form it must be held to be an action at the common law in the nature of an action of deceit, in which event this court is without jurisdiction, because the defendants in that event did not have the right of removal; while, on the other hand, if the action is based upon the national banking act, it is not maintainable in the name of the present plaintiff.

In the brief of counsel for plaintiff it is argued that the attack upon the jurisdiction is largely based upon the ruling made in the case of Welles v. Graves, 41 Fed. 459, and that this case has been in substance overruled by the court of appeals for this circuit in the case of Hayden v. Thompson, 17 C. C. A. 592, 71 Fed. 60. Although not necessary in the decision of the real questions arising in this case, it may not be out of place to call attention to the points actually ruled on in Welles v. Graves, and the effect thereon of the subsequent decision of the court of appeals for this circuit, the more especially as there are pending in this court a number of cases arising out of the failure of national banks. Welles was the receiver of the Commercial National Bank, and as such he brought an action at law against Graves et al., who were the directors of the bank, the action in express terms being based upon the provisions of section 5239 of the Revised Statutes. The petition contained 55

separate counts, 9 of which charged that the defendants, as directors, had on nine different dates declared dividends of 5 per cent. upon the capital stock, and caused the same to be paid to the shareholders, when in fact there had been no earnings, and the debts exceeded the assets. The remaining 46 counts charged violation of section 5200, which provides that the liabilities of any person, company, or corporation shall not exceed one-tenth part of the capital stock of the bank. In ruling upon the demurrer to the petition, I reached two conclusions,—the one that, to maintain suits by the receiver to enforce the liability of directors arising under the provisions of section 5239, it must appear that a forfeiture had been adjudged by a court of the United States, as under the provisions of that section directors could be held personally liable only for such acts as would work a forfeiture of the charter; and, secondly, that the proceeding should be in equity, and not at law. In the course of the opinion given in that case I pointed out the difficulties that would arise if it should be held that any person could maintain actions at law or in equity to enforce the liability imposed upon directors by section 5239. As I construe the decision of the court of appeals in Bailey v. Mosher, supra, and Stuart v. Hayden, 18 C. C. A. 618, 72 Fed. 402, it is therein held that, after the appointment of a receiver, he is the only party who can maintain an action against the directors for damages resulting from violations of section 5239. And to the same effect is the ruling of the supreme court in Hornor v. Henning, 93 U. S. 228. The decision in the latter case, as well as the reasoning in Hayden v. Thompson, fully support the conclusion reached in Welles v. Graves that proceedings of the nature of that set forth in that case should be in equity, and not at law. Thus it appears that the rulings made in Welles v. Graves have been sustained in all but the one particular, to wit, the one touching the necessity of procuring a judgment of forfeiture of the franchise of the corporation as a basis for enforcing the statutory liability of directors created by the provisions of section 5239. So far as I am now advised, this question had not been passed upon or decided by the court of appeals in this circuit, nor by the supreme court. The assumption that the decision in Hayden v. Thompson is at variance with, and therefore overruled, the view on this question held in Welles v. Graves, is not well founded. In the former case, Hayden, as receiver, sued the shareholders in the bank to recover sums of money paid them as dividends, when none had been earned. The court of appeals held that the proceeding was not based upon section 5239, which was self-evident, but was founded upon the equitable principle that in case of the wrongful diversion of trust funds the same may be pursued and recovered for the benefit of the trust. Thus it is said in the opinion in that case:

"This is a suit, we repeat, to recover diverted trust funds. It rests upon no statute or act of congress. Its foundation lies deeper. It rests on the fundamental principle of equity that he who has received moneys impressed with a trust, without consideration, ought to and must restore them."

In other words, Hayden v. Thompson was a bill in equity against the shareholders of a bank to recover money paid them as dividends

when none had been earned, and which money formed part of the assets of the bank, and to which the creditors were equitably entitled in preference to the shareholders; whereas in Welles v. Graves the action was based solely upon the provisions of section 5239, being brought against the directors of the bank for liabilities created by that section. In the former case the question whether a forfeiture of the charter of the bank was a prerequisite to the maintenance of an action against the directors could not possibly arise, and it was expressly stated in the opinion that:

"It is not a suit to recover damages from the directors for a violation of the national banking act, under section 5239; hence the arguments presented and the authorities cited at length to show that complainant has not properly proceeded to enforce the liabilities imposed by these sections requires no consideration at our hands."

It thus clearly appears that the decision in Hayden v. Thompson does not apply to or affect the conclusion reached in Welles v. Graves upon the question of the need of obtaining a judicial forfeiture of the charter of the bank before proceeding against the directors under the provisions of section 5239, and, as already said, I am not advised that the court of appeals or the supreme court have had occasion to rule upon this question.

In the case of Stephens v. Overstolz, 43 Fed. 771, the question was considered and decided by Judge Thayer, the opinion given by Judge Thayer being concurred in by Mr. Justice Miller; the same being stated as follows:

"On the hearing upon the demurrer we expressed the opinion, and further consideration of the subject has strengthened the conviction, that the right to recover, under section 5239, of a bank director, the damages sustained in consequence of an excessive loan under section 5200, is in no wise affected by the fact that the comptroller has or has not procured a forfeiture of the charter. According to our view of section 5239, two results, in no respect dependent upon each other, may follow the making of an excessive loan; that is to say, the comptroller may, if he thinks proper, proceed to have the charter revoked, alleging the excessive loan as a violation of law; but whether he does so or not, a director of the bank, who knowingly participates in or assents to the loan, may be compelled to make good whatever damages result to the bank from making the same. This seems to us to be the obvious meaning of the law."

Thus we have clearly stated the exact question under consideration. It must be borne in mind, as is well stated in Hayden v. Thompson, that the provisions of section 5239 do not preclude the receiver of a national bank from availing himself of all rights and remedies existing under the principles of the common law or of equity for the protection of the creditors of a bank; but this section is intended to create additional liabilities on part of the directors. What liability does it in fact create? The section is as follows:

"If the directors of any national banking association shall knowingly violate or knowingly permit any of the officers, agents or servants of the association to violate any of the provisions of this title, all the rights, privileges, and franchise of the association shall be thereby forfeited. Such violation shall however be determined and adjudged by a proper circuit, district or territorial court of the United States, in a suit brought for that purpose by the comptroller of the currency in his own name, before the association shall be declared dissolved and in cases of such violation, every director who par-

ticipated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have suffered in consequence of such violation."

In the opinion in Stephens v. Overstolz, already cited, it is said: "According to our view of section 5239, two results, in no respect dependent upon each other, may follow the making an excessive loan;" that is, from one act two results may follow, to wit, a right to forfeit the charter at the suit of the comptroller, and a right to hold the directors personally liable; but both these rights are dependent upon the one act, to wit, a violation of some provision of title 62 of such a character as to justify a forfeiture of the charter. Can it be successfully maintained, that under the provisions of section 5239 the directors may be held personally liable for an act which would not justify a forfeiture of the charter? The intent of the section is to declare that if the directors knowingly violate, or knowingly permit the violation of, the provisions of title 62, two results may follow,—the one the forfeiture of the charter, the other the liability of the directors for the damages. The section does not declare that in all cases of violation of the provisions of title 62 the directors shall be personally liable, but it expressly limits the liability to "cases of such violation" which cannot be construed to include any violation not within the preceding parts of the section. Herein lies, in my judgment, the vital point in this inquiry. If it be true that under section 5239 directors are made liable to respond in damages for doing or permitting the doing of acts which would not be sufficient ground for forfeiting the charter of the bank, then the view entertained in Welles v. Graves is without foundation. If, however, the liability created by that section is limited to those acts which would warrant the forfeiture of the charter, then it seems to me that as a foundation for proceeding against the directors the forfeiture must be adjudged at the suit of the comptroller. The section expressly declares that the determination of the question whether acts justifying the forfeiture have been done can only be had in a court of the United States. No other tribunal is competent to hear, determine, and adjudge that question. How can it be legally known or determined that acts justifying a forfeiture of the charter have been done except by an adjudication to that effect by the proper federal court? The provision of the section is not that the decree of dissolution shall be awarded only by a federal court, but that "such violation shall, however, be determined and adjudged by a proper circuit, district, or territorial court of the United States in a suit brought for that purpose by the comptroller of the currency in his own name, before the association shall be declared dissolved." In other words, in order to ascertain and determine whether any violations of title 62, within the meaning of section 5239, have been committed, it is necessary that the hearing be had before a federal court in a suit brought by the comptroller of the currency in his own name. If upon that hearing it is determined and adjudged that the directors of the bank have knowingly done or have knowingly permitted the doing of acts in violation of the provisions of title 62, then two results will flow from such determination: First, the association may

be declared to be dissolved; and, second, the directors who participated in or consented to the doing of the acts thus ascertained and determined to be in violation of the provisions of title 62 may be held liable for the damages resulting therefrom.

To illustrate the view I am now advocating, suppose in the case of an insolvent national bank the receivers should sue the directors on the ground that they had participated in certain violations of the banking act, and were, therefore, liable, under the provisions of section 5239, for the damages caused thereby, the suit being brought in a given federal court; suppose the comptroller should bring suit in the same court under the provisions of section 5239, and should declare on the same acts as grounds for dissolving the association, and, that proceeding being first heard, it should be adjudged by the court that the alleged acts had not been done, or, if done, were not of such a nature as to justify a forefeiture of the charter,—would the same court be justified in again hearing the same question in the suit between the receiver and the directors? Would the court be justified in holding that, while the acts were not such as to justify the forfeitures of the charter under the provisions of section 5239, they were such that under that section the directors were liable in damages? Suppose the comptroller should bring a proceeding in the federal court, under section 5239, for a forfeiture of the charter, and the receiver should sue the directors in the state court, alleging the same act as grounds for holding the directors personally liable; suppose in the state court the judgment was against the directors on the ground that the acts charged against them were such as would justify the forfeiture of the charter, but in the federal court it was adjudged that the acts were not such as to justify a forfeiture of the charter under the provisions of section 5239,—how could the directors prevent the enforcement of the judgment rendered against them in the state court? Yet to enforce it would be to hold that under the provisions of section 5239 the directors could be made personally liable for acts which it had been legally determined were not such as to justify a forfeiture of the charter. These are some of the difficulties necessarily involved in the view of the statute taken in Stephens v. Overstolz, supra, and to escape which I advanced the view found in Welles v. Graves, supra, to the effect that the proper mode of procedure under the provisions of section 5239 was for the comptroller, when in his judgment the interests of the association, the shareholders, and the creditors, or any of them, would be advanced by so doing, to institute proceedings in the proper federal court to have it judicially determined and adjudged whether such violation of title 62 had been committed or permitted by the directors as would justify a forfeiture of the charter. This adjudication being had, then the receiver, under the direction of the comptroller, could proceed to enforce the personal liability of such of the directors as had participated in the wrongdoing. This mode of procedure is in substantial accord with the rule adopted by the supreme court in Kennedy v. Gibson, 8 Wall. 498, for the enforcement of the individual liability of the shareholders under the provisions of section 5151 of the Revised Statutes. There is nothing in that

section that expressly declares that action must be taken by the comptroller before the receiver can sue the shareholders, yet the supreme court held that "this action on his part was indispensable whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver." If action on part of the comptroller is an indispensable prerequisite to enforcing the liability of the shareholder under section 5151, why is not action on his part also indispensable when it is sought to fasten individual liability on the directors under the provisions of section 5239, when the express declaration of the section is that directors shall be liable who aid in such violations of title 62 as will sustain or justify a dissolution of the association, it being also expressly declared that the determination of the question whether such violations have in fact occurred can only be had by a suit brought by the comptroller in some federal court? As pointed out in Welles v. Graves, the adjudication had in a proceeding brought by the comptroller in a federal court, that certain violations of title 62 have in fact happened, and that they are of a nature to warrant the dissolution of the association, will preclude the necessity of re-examining those questions in the suit against the directors, and in that suit the question will be whether the defendants, as directors, participated in or knowingly permitted the ascertained violations, and, if so, what damages are to be awarded against them. I have thus restated the views I hold upon this general subject. It may be that when the question comes before either the supreme court or the court of appeals the ruling may be adverse to the view thus expressed, but, as I understand the facts, the question is an open one, and, until finally settled by an appellate tribunal, the safer course is to secure action by the comptroller, and an adjudication of the question by a competent court. In the particular case now before the court it does not appear that this court has jurisdiction for the reason stated, and the case must therefore be remanded.