## NATIONAL BANK OF COMMERCE OF TACOMA, WASH., v. WADE et al.

### (Circuit Court, D. Washington, W. D. December 4, 1897.)

**1. JURISDICTION OF FEDERAL COURTS—SUIT BY NATIONAL BANK AGAINST OFFICERS—FEDERAL QUESTION.**

A suit by a national bank against its former managing officers to charge them with losses sustained by reason of their having made loans to one individual in excess of 10 per cent. of the capital stock, and other loans without personal security, in violation of the national banking statutes, the right of recovery being claimed under Rev. St. § 5239, is one arising under the laws of the United States.

**2. NATIONAL BANKS—SUIT AGAINST DIRECTORS.**

A national bank may maintain a suit against its directors to enforce their liability under Rev. St. § 5239, for losses resulting from a violation of the statutory requirements in conducting the business of the bank. A suit by the comptroller for dissolution of the association and an adjudication of such violations is not a condition precedent to the enforcement of such liability.

**3. SAME—JURISDICTION OF EQUITY.**

A suit by a national bank against its former officers and directors, under Rev. St. § 5239, to recover for losses resulting from their mismanagement in violation of the provisions of the national banking law, is cognizable in equity, where the transactions involved are complicated, and the conversion of securities into money is required before the extent of the liability can be ascertained, and when, therefore, the remedy at law is not complete or adequate.

**4. SAME—LIMITATIONS.**

The fact that a suit by the comptroller for the forfeiture of the charter of a national bank for violations of the banking statutes is barred by limitation does not operate to bar a suit by the bank against its officers and directors, under Rev. St. § 5239, to charge them with losses resulting from such violations.

**5. SAME—ACCRUING OF CAUSE OF ACTION.**

The statute does not commence to run against a suit by a national bank against its managing officers to enforce their liability under Rev. St. § 5239, for losses resulting from acts in violation of the national banking law, until such officers have surrendered control of the bank to their successors.

This is a suit in equity by the National Bank of Commerce of Tacoma, Wash., against F. M. Wade, A. F. McClaine, and J. C. Weatherred. Defendants demur to the bill.

W. H. Bogle and Charles Richardson, for complainant.

W. C. Sharpstein, Crowley & Grosscup, and Sullivan & Christian, for defendants.

HANFORD, District Judge. The complainant, a national banking association organized under the laws of the United States, having its place of business at Tacoma, in this state, brings this suit against the defendants, who are citizens of this state, and in its bill of complaint charges that, while the defendants were members of its board of directors, and holding, respectively, the offices of president, vice president, and cashier, and, as such directors and officers, intrusted with the control and management of its business, by their malfeasance in office, and violations of the statutes of the United States, in knowingly loaning the money of the bank in some instances without security, to an irresponsible and insolvent borrower, to be used in speculation, and in other instances making loans in excess of the amount permitted by the statutes to be loaned to a single individual, and by renewing said loans without collecting the accrued interest thereon, the complainant has suffered heavy losses. The bill also avers that, after said loans had been thus improvidently made, certain real estate was conveyed to the bank as security for some of the loans, but said property was burdened with prior incumbrances, and is of trifling value, as compared with the amount of indebtedness to the bank intended to be secured thereby; and that collateral notes, which were obtained as additional security, are worthless, the makers being insolvent. The defendants have demurred to the bill on the following grounds: First. There is no question of federal law involved, and, as the parties are all citizens of this state, there is no ground for the exercise of jurisdiction by this court. Second. The facts stated do not show any ground for equitable relief. Third. The suit is barred by the statute of limitations of the state of Washington.

1. In their argument upon the first and second grounds of the demurrer the defendants' counsel assumed that the case must be treated as an action by a principal against agents to recover damages caused by negligence on the part of the agents in the transaction of business for their principal, and that the common law alone furnishes the measure of their liability. The true test of jurisdiction in this class of cases is fairly given in that part of the opinion of the supreme

court in the case of Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. 340, which is quoted in the defendants' brief, as follows:

"Whether a suit is one that arises under the constitution or laws of the United States is determined by the questions involved. If, from them, it appears that some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the constitution or a law of the United States, or sustained by the opposite construction, then the case is one arising under the constitution or laws of the United States. Osborn v. Bank, 9 Wheat. 738; Starin v. City of New York, 115 U. S. 248–257, 6 Sup. Ct. 28. In Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, it was ruled that it was necessary that the construction either of the constitution or some law or treaty should be directly involved, in order to give jurisdiction."

By this rule it is plain that the jurisdiction would have to be denied in this case, if the argument in support of the demurrer were based upon a correct understanding of the elements which the complainant has introduced into its case by the bill. But from the pleading I cannot infer that the complainant intends to rest its case upon evidence proving merely that the defendants were inattentive or negligent in loaning the funds of the bank upon securities which proved ·to be inadequate, and which, by the exercise of diligence, they might have ascertained to be insufficient, before making the loans; nor that it hopes to recover upon such evidence. The bill charges directly that loans were made to an individual and to a corporation, each amounting to aggregate sums largely in excess of 10 per cent. of its entire capital, in violation of the express prohibition contained in section 5200, Rev. St., and that heavy loans were made to another individual, without any security other than the note of the borrower; and counsel for the complainant insists that the provisions of section 5136, Rev. St., conferring power upon national banking associations to carry on the business of banking by loaning money on personal security, by implication restrict the power of such banking association, so that it was a violation of said section for the defendants to loan the funds of the bank without additional personal security; and the complainant contends that section 5239, Rev. St., is a law ·of the United States, creating a liability on the part of the defendants for all damages which the complainant has sustained in consequence of their having knowingly violated the national banking act in the particulars above specified. If, upon the trial of this case, the facts alleged in the bill should be proved, then the right of the complainant to recover will depend upon the proper construction and application ·of these statutes; if the facts shall not be proven as alleged, the plaintiff must fail, even though it should be made to appear that it has sustained damages by reason of negligence on the part of the defendants. For the purpose of this demurrer, the bill must be taken as true. Therefore, tested by the above rule, it is quite plain that the case is one arising under the laws of the United States, for the questions to be decided involve the construction of laws of the United States. Convincing evidence that there is a federal question in the case is to be found in the defendants' brief, a considerable portion of which is devoted to a discussion of the important question as to whether or not an action can be maintained against directors to enforce liability under section 5239, Rev. St., before the violations of

the statute have been determined and adjudged by a proper court, in a suit brought for that purpose by the comptroller of the currency, and a dissolution of the association, as provided by said section. Counsel for the defendants affirm that no action against directors to recover damages which the association shall have sustained in consequence of violations of the statute can be commenced until after the association has ceased to exist. More concisely stated, the proposition is that the same law which creates a liability denies to the injured party all right to enforce it. The following authorities are relied upon: Welles v. Graves, 41 Fed. 459–468; Bank v. Peters, 44 Fed. 13–16; Hayden v. Thompson, 67 Fed. 273–277; Gerner v. Thompson, 74 Fed. 125–131; Kennedy v. Gibson, 8 Wall. 498. The first two of these cases may be fairly regarded as decisions sustaining the defendants' side of the argument. The case of Gerner v. Thompson was originally brought in a state court, and was removed by the defendants into the United States circuit court for the district of Nebraska, and was remanded for want of jurisdiction. The court held that, if the action were to enforce only a common-law liability, there would be no federal question upon which the jurisdiction could be founded; and, if the action be considered as one to enforce a liability under a statute of the United States, it could not be maintained by the plaintiff, for the reason that the circuit court of appeals for that circuit had previously ruled in the case of Bailey v. Mosher, 11 C. C. A. 304, 63 Fed. 488, that, after the appointment of a receiver of an insolvent national bank, an action of this character, based upon the provisions of the national banking act, could be brought only in the name of the receiver. All of the opinion touching the question as to the necessity for an adjudication dissolving a national banking association, before the liability of its directors, for violations of the national banking act, could be enforced under the provisions of section 5239, Rev. St., was a mere voluntary expression, not necessary to the disposition of the case. In the case of Kennedy v. Gibson a receiver of an insolvent national bank brought a suit against stockholders as a means of assessing them to make up a deficiency in the assets. In his bill, the complainant averred that it was necessary to collect the amount sued for to meet the balance of the bank's indebtedness. The court held that under the law it is for the comptroller of the currency to decide when it is necessary to institute proceedings against the stockholders of an insolvent national bank to enforce their personal liability, and whether the whole or a part, and, if only a part, how much, shall be collected; and, as these matters are referred to the judgment and discretion of the comptroller of the currency, action on his part is indispensable whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver, and the bill was held to be defective and insufficient for failure to aver that the comptroller had directed the receiver to commence the suit, or that he had made any order assessing the stockholders. Good and sufficient reasons are given in the opinion for requiring action by the comptroller in the exercise of his discretionary powers to precede the commencement of suits by a receiver, and to my mind the argument in the opinion

of the supreme court in that case takes from the decision any possible bearing, by analogy or otherwise, upon the question now under consideration. The decision and judgment of the circuit court, by Judges Dundy and Riner, in Hayden v. Thompson, was reversed by the circuit court of appeals for the Eighth circuit, in a decision reported in 17 C. C. A. 592, 71 Fed. 60–70, and by the opinion of the appellate court it is shown that the court was not authorized to consider or pass upon this question. So that case may also be eliminated from consideration. I will not extend this opinion by commenting on the decisions in Welles v. Graves and Bank v. Peters, further than to say that the reasons assigned do not impress me as being sound. I am not able to adopt the conclusions arrived at by the learned judges in those cases, for the reason that the words of the statute do not in any wise suggest the idea that congress intended to deny to an association which has the strength, ambition, and honesty to continue its existence after having sustained losses in consequence of willful violations of law on the part of its directors, the right to recover the amount of such losses from the wrongdoers. If the comptroller finds reasons in any case to forbear prosecuting for a forfeiture of the franchise, his exercise of discretion should not be a shield to the real culprits, nor have the effect to make the damage to innocent shareholders irreparable. 3 Thomp. Corp. §§ 4113, 4303. The opposite ruling of the circuit court for the Eastern district of Missouri, in Stephens v. Overstolz, 43 Fed. 771–775, in my opinion comes nearer to being a correct interpretation of the law. The opinion in that case was delivered by Judge Thayer, and was concurred in by Mr. Justice Miller. It shows plainly that a decision of this question was necessary to a determination of the case, and that part of the opinion which bears upon this question was in fact a solemn adjudication, and not mere obiter dictum, as counsel for the defendants have supposed.

2. This suit relates to the execution of a trust, and is for the recovery of money alleged to have been fraudulently dissipated by unfaithful agents, who are the defendants called to account. Cases of this nature are cognizable in equity, whenever a suit in equity affords the only complete and adequate remedy. I have made reference to section 5239 as a law creating a liability. It is a positive declaration of the lawmaking power defining the extent of liability of directors of national banking associations for willful breaches of trust. And yet the liability is not a new creation of the statute. If the statute does more than to re-enact the common law, and principles previously familiar to equity practice, all that is new consists of an extension of the liability in favor of shareholders and other persons who may be damaged by acts of the directors in violation of the statutes, so as to authorize suits and actions by persons who otherwise would be compelled to look to the association alone to make good their losses. It has been decided in a number of cases that, where the affairs of an insolvent national bank have been placed in the hands of a receiver, who alone has the right to collect its assets, actions to enforce the liability of directors cannot be prosecuted by shareholders or creditors, so that practically the rule of the statute as to the liability of directors and the remedy is the same as the rule in equity. Possibly

there may be cases in which a suit based upon the statute may be maintained by a plaintiff who would otherwise be debarred, but I am unable to discover any enlargement of the rights of a banking association. In equity, the relation of the directors to the association are similar, if not identical, to that of trustee and cestui que trust (3 Pom. Eq. Jur. §§ 1089, 1090); and in equity "the trustee's personal liability to make compensation for the losses occasioned by a breach of trust is a simple contract equitable debt. It may be enforced by a suit in equity against the trustee himself, or against his estate after his death." 2 Pom. Eq. Jur. § 1080. I hold that, even if the statute does create a liability enforceable by an action at law, nevertheless it does not diminish the jurisdiction of the courts in equity, unless the conditions are such that the remedy at law is equally adequate and complete. In this case the transactions involved are compli-cated by the subsequent exchanging of promissory notes and taking of property as security for the loans which are alleged to have caused the losses complained of. These securities must be converted into money, or otherwise disposed of, before the amount of the loss can be definitely ascertained. It is obvious, therefore, that the complain-ant is entitled to relief in equity, because the remedy at law is not adequate or complete.

3. In their argument the defendants' counsel show that at the time of the institution of this suit the comptroller of the currency could not have brought suit against the complainant to forfeit its charter on account of the alleged violations by the defendants, because such action at that time was barred by section 1047, Rev. St., which provides that "no suit or prosecution for any penalty or forfei-ture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued," and on this foundation build an argument to the effect that, because the comp-troller of the currency could not then have maintained an action to forfeit the charter, the complainant cannot maintain this action. This might be a logical conclusion if it were true that an adjudication forfeiting the charter in a suit instituted by the comptroller of the currency were a necessary prerequisite to an action against the direct-ors to recover the amount of losses sustained in consequence of viola-tions of the banking act, committed by them; but, that proposition failing, the argument based upon section 1047, Rev. St., must likewise fail. The statute of limitations of this state provides that the right to commence an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instru-ment, is barred after three years from the time the cause of action accrued. But it must be remembered that at the time of making the loans which caused the losses complained of the defendants were the managing officers of the bank. I hold that in cases of this nature the statute of limitations will not begin to run so long as the cestui que trust is under the control or influence of the trustee (2 Perry, Trusts [3d Ed.] § 864, p. 512; 2 Pom. Eq. Jur. § 1089), and, as this suit

was commenced within three years from the time when the defendants gave up control of the bank to their successors, it is not barred by the statute of limitations.    Demurrer overruled.