Murray SEIDEN, Plaintiff,

v.

Willard C. BUTCHER, David Rockefeller, J. Richardson Dilworth, Charles F. Barber, James H. Binger, John T. Connor, Patricia Roberts Harris, Theodore M. Hesburgh, William R. Hewlett, J. K. Jamieson, Ralph Lazarus, Robert D. Lilley, Leonor F. Loree, II, Charles F. Myers, Jr., John E. Swearingen, George A. Roeder, Jr., Coy G. Ekland, James L. Ferguson, Richard M. Furland, John Macomber, Edmund T. Pratt, Jr., J. Stanford Smith, Michael E. Carleson, Richard R. Shinn and the Chase Manhattan Corporation, and the Chase Manhattan Bank, N.A., as derivative defendants, Defendants.

No. 76 Civ. 666.

United States District Court,
S. D. New York.

Jan. 13, 1978.

Ira Jay Sands, New York City, for plaintiff; Lawrence Singer, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for individual defendants; William E. Jackson, Briscoe R. Smith, Kenneth A. Perko, Jr., Peter A. Copeland, Michael L. Michael, New York City, of counsel.

LASKER, District Judge.

Murray Seiden sues derivatively on behalf of the Chase Manhattan Corporation and the Chase Manhattan Bank against present and former directors of the Corporation and the Bank for allegedly violating the 1934 Securities Exchange Act, the National Bank Act, and various New York state and common law obligations. The defendants move to dismiss the amended and supplemental complaint for failure to state a claim upon which relief can be granted. By letter dated December 23, 1977, Seiden has advised the court that he does not oppose the defendants' motion with respect to Counts I and III of the complaint, leaving only Count II for consideration. Count II is also dismissed.

Count II alleges that the directors of the Bank knowingly filed false quarterly reports with the Comptroller of the Currency in violation of § 161(a) of the National Bank Act, 12 U.S.C. § 21 *et seq.*, made actionable by § 93 of the Act. § 93 provides that:

"If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to

violate any of the provisions of this chapter, all the rights, privileges, and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper district or Territorial court of the United States in a suit brought for that purpose by the Comptroller of the Currency, in his own name, before the association shall be declared dissolved. And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation."

The directors move to dismiss this count on the ground that § 93 does not grant a private right to sue prior to forfeiture of the bank's charter by action of the Comptroller of the Currency. They rely on several early interpretations of § 93. *Gerner v. Thompson*, 74 F. 125 (D.Neb.1896); *Welles v. Graves*, 41 F. 459 (D.Iowa 1890).

■ Despite the uncertainty created by the statutory language, numerous decisions have permitted private actions to be brought under § 93 prior to a forfeiture suit. In *Yates v. Jones National Bank*, 206 U.S. 158, 27 S.Ct. 638, 51 L.Ed. 1002 (1907), while this issue was not expressly addressed, the Court's holding that the standards of the National Bank Act rather than those of common law deceit would apply in a suit by individual depositors against directors of a national bank gave tacit approval to such an action. Similarly, in *Chesbrough v. Woodworth*, 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000 (1917), the Court permitted an individual to sue a bank director in federal court for damages sustained as a result of violations of the National Bank Act on the ground that such a

suit raised a federal question. See also, *Corsicana National Bank v. Johnson*, 251 U.S. 68, 40 S.Ct. 82, 64 L.Ed. 141 (1919) (reversing directed verdict for defendant in suit under § 93 for making loans in excess of statutory limits). More recent decisions have also permitted private suits prior to action by the Comptroller. In *Harmsen v. Smith*, 542 F.2d 496, 499 (9th Cir. 1976), the court relying on *Chesbrough v. Woodworth*,[1] *supra*, 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000, stated that the Supreme Court had interpreted § 93 to permit a direct action against a director for violating a provision of the Bank Act. See also, *Spalitta v. National American Bank of New Orleans*, 444 F.2d 291 (5th Cir. 1971) (derivative action against directors of national bank for violations of National Bank Act permitted notwithstanding that certain of the actions attacked occurred when plaintiffs were not stockholders). Cf. *Landy v. Federal Deposit Insurance Corporation*, 486 F.2d 139 (3d Cir. 1973) (bank shareholders do not have standing to bring derivative action against bank officers for misuse of funds in violation of, *inter alia*, National Bank Act, in absence of showing of demand on FDIC as bank receiver to bring suit). We therefore conclude that § 93 does create a private right of action prior to a forfeiture suit brought by the Comptroller of the Currency.

The parties also cite a number of cases which, while not dealing with § 161(a) violations, establish the right to sue derivatively under § 93 for damage to the corporation. See, e. g., *Corsicana National Bank v. Johnson, supra*, 251 U.S. 68, 40 S.Ct. 82, 64 L.Ed. 141; *Spalitta v. National American Bank of New Orleans, supra*, 444 F.2d 291; *Anderson v. Gailey*, 33 F.2d 589 (N.D.Ga.1929); *Cockrill v. Cooper*, D.C., 86 F. 7 (1898);

---

1. The court in *Harmsen* relied on this language, taken from the appellate decision in *Chesbrough*, 195 F. 875, 879 (1912), and approved by the Supreme Court in its decision, 244 U.S. 72, 76, 37 S.Ct. 579, 61 L.Ed. 1000 (1917):

    "The making and publishing of the reports are not merely for the information of the comptroller, but are to guide so much of the public as may have occasion to act thereon,

and he who buys from another stock in the bank, in reliance upon a false report of its condition, and suffers damage thereby, has a right of action under R.S. § 5239, against any officer or director who, knowing its falsity, authorizes such report. The one suffering such damages is within the statutory description any other person."

*National Bank of Commerce v. Wade*, D.C., 84 F. 10 (1897); *First National Bank of Lincolnwood v. Keller*, 318 F.Supp. 339 (N.D.Ill.1970). We therefore find that Seiden has standing to bring a derivative action under § 93.

█ At oral argument, the defendants argued that, even if Seiden may sue derivatively under § 93, Count II should be dismissed since it fails to allege that the bank was damaged as a result of the filing of "false" reports. The complaint states that the "false entries . . . prevented the Comptroller of the Currency from utilizing the reporting provisions to detect problems at Chase Bank and immediately seek to institute remedial action." (Complaint at ¶ 92) It does not, however, allege what the comptroller could or would have done had a "proper" report been filed. In other words, Seiden has failed to assert what remedial action the Comptroller could have taken against the directors' alleged mismanagement, the preclusion of which damaged the Bank. In contrast, the derivative cases cited by the parties, none of which dealt with § 161(a) violations, do, as they must, involve allegations that actual harm resulted to the bank as a result of a violation of the Act. Most, for example, involve claims that the bank's capital was impaired as a result of the directors' exceeding the statutory limitation on loans. Here, Seiden has failed to allege actual damage to the Chase Manhattan Bank as a result of a violation of § 161(a). While Seiden is given leave to file a second amended complaint properly alleging harm to the Bank as a result of a violation of § 161(a), the fact that no such case appears ever to have been litigated suggests that it may not be possible to plead such a claim.

Counts I and III are dismissed. Count II is dismissed with leave to amend the supplemental and amended complaint within twenty days of the filing of this memorandum.

It is so ordered.