SHINNERS, Sheriff, Plaintiff in error, vs. STATE EX REL. BEHLING, Defendant in error. [Two cases.]
SAME, Plaintiff in error, vs. STATE EX REL. WENGERT, Defendant in error. [Two cases.]

*April 3—April 28, 1936.*

For the plaintiff in error there was a brief by the *Attorney General, William A. Zabel,* district attorney of Milwaukee county, and *Herman A. Mosher,* deputy district attorney, and oral argument by *Mr. Mosher.*

For the defendants in error there was a brief by *Lyman G. Wheeler,* attorney for Eugene Wengert, *Bender, Trump & McIntyre,* attorneys for A. A. Behling, and *Walter H. Bender* of counsel, all of Milwaukee, and oral argument by *Mr. Bender* and *Mr. Wheeler.*

MARTIN, J. As indicated in the foregoing statement of facts, each of the defendants in error was indicted by a Milwaukee county grand jury. The indictments charged defendants in error with having made certain false entries in the books of the Blue Mound State Bank, a Wisconsin banking corporation, in violation of sec. 221.17, Stats. By agreement, the four cases, which involve identical facts and questions of law, are considered together on this appeal.

The indictment, omitting the first formal paragraph, is as follows:

"That on the 18th day of February, 1930, Blue Mound State Bank was a banking corporation, organized and existing under and by virtue of the laws of the state of Wisconsin, and on said day was licensed to engage and was engaged in the general banking, brokerage, exchange, and deposit business in the county of Milwaukee, state of Wisconsin; that on the aforesaid date, to wit: The 18th day of February, 1930, H. A. Digman and Eric H. Digman were, then and there, duly elected, qualified, and acting officers of said bank, to wit: The president and cashier, respectively, of said Blue Mound State Bank; that on the aforesaid date, to wit: The 18th day of February, 1930, the said H. A. Digman and Eric H. Digman, and A. A. Behling, Eugene Wengert and M. A. Berger were, then and there, each a duly elected, qualified and acting officer, to wit: A director of said Blue Mound State Bank; that on the 18th day of February, 1930, in the county of Milwaukee, state of Wisconsin, H. A. Digman,

Eric H. Digman, A. A. Behling, Eugene Wengert, and M. A. Berger, as such officers and directors of said Blue Mound State Bank, did, then and there, wilfully and knowingly, make and cause to be made, and did concur in the making of false and fraudulent statements and false entries on the books of said Blue Mound State Bank, with intent to deceive any person or persons authorized to examine into the affairs of said bank, in the manner following, to wit: That on said date aforesaid the said H. A. Digman, Eric H. Digman, A. A. Behling, Eugene Wengert, and M. A. Berger, did make or cause to be made and did concur in the setting up upon the books of said Blue Mound State Bank a demand note, signed by H. A. Digman, Eric H. Digman, A. A. Behling, Eugene Wengert, R. A. Uecker, and Matt Stark, in the amount of five thousand eight hundred ninety-eight and 51/100 ($5,898.51) dollars as a loan and discount purported to have been made by said bank, when, in truth and in fact, said note was given by the aforesaid H. A. Digman, Eric H. Digman, A. A. Behling, Eugene Wengert and M. A. Berger to fraudulently cover up and conceal an item in the amount of five thousand eight hundred ninety-eight and 51/100 ($5,898.51) dollars, representing the cost of furniture and fixtures of said bank in excess of the statutory limitations in the Wisconsin Statutes, in such case made and provided, all contrary to the statutes in such case made and provided and against the peace and dignity of the state of Wisconsin."

Each of the defendants in error, contending that the indictment stated no offense known to the law, resorted to *habeas corpus* proceedings. If the indictment fails to allege an offense, a *habeas corpus* proceeding is the proper remedy. *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046.

Sec. 221.17, Stats., provides:

"Any banker, officer, director or employee of any bank who shall wilfully and knowingly subscribe to or make, or cause to be made, any false statement or false entry in the books of any bank, or mutual savings bank, or shall knowingly subscribe to or exhibit false papers, with the intent to deceive

any person or persons authorized to examine into the affairs of said bank, or mutual savings bank, or shall knowingly make, state, or publish any false report or statement of any such bank, or mutual savings bank, shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine of not less than one thousand dollars and not more than five thousand dollars, or by imprisonment in the state penitentiary not less than one year nor more than ten years, or by both such fine and imprisonment in the discretion of the court.''

This statute specifies three elements of the offense it defines, namely, (1) false statement or entry; (2) made wilfully; and (3) with intent to deceive. The existence of each of these elements must be shown by the facts alleged in the indictment.

It will be observed that the indictment in question charges an alleged offense in the general language of the statute, and then proceeds to state the facts constituting the particular offense on which it is based. Upon the oral argument and in their brief the prosecution contends that, since the indictment stated an offense in the general language of the statute, the facts constituting the alleged offense did not add to or subtract from the body of the indictment, being merely explanatory of it, and that the court could disregard them in sustaining the sufficiency of the indictment. The trouble with this contention is that all indictments must rest on certain facts. It may not be necessary to plead the facts, but when they are pleaded in detail as in this instance, the court must assume that the grand jury returned its indictment based upon them. If such facts do not constitute an offense under the statute, the indictment must fall. In *Rosenberg v. State,* 212 Wis. 434, 445, 249 N. W. 541, the court said:

"The nature of an indictment does not differ from that of any other pleading setting up a cause of action. Where a statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offense in the words of the

statute. . . . 'An indictment is a plain, brief, and certain narrative of an offense committed by any person, and of those necessary circumstances that concur to ascertain the fact and its nature.' "

In discharging the defendants in error from custody, the trial court said:

"I am convinced that the indictment fails to show that the entry was a false one, but on the contrary negatives that conclusion, notwithstanding the use of the word 'false.' I am further convinced that the indictment, by its very detailed allegation regarding the alleged false item, negatives any intent to conceal or defraud, notwithstanding the general allegation of 'intent to defraud.' "

We are in accord with the views expressed by the trial court. The controlling fact alleged in the indictment is that the note executed by the defendants in error and other individuals was given to the bank to fraudulently cover up and conceal a $5,898.51 "item" representing an unlawful excess of that amount in the bank's expenditures for furniture and fixtures, and that it was entered as a loan and discount purported to have been made by the bank. That is, under sec. 221.14, Stats., "any bank not owning its banking offices shall not hereafter invest in furniture and fixtures a sum exceeding fifteen per cent of its capital and surplus." This statute fixes a different limitation on the amount a bank may invest in a banking office, including apartments connected therewith, together with furniture and fixtures.

What is charged in the indictment here is that the bank in question carried the item representing the cost of furniture and fixtures in the bank assets at a sum in excess of the statutory limitations, namely, $5,898.51. The note in question, which was given to the bank by the defendants in error and other individuals, was to repair the assets of the bank in exactly the amount which the item representing the cost of furniture and fixtures exceeded the limitations fixed by

sec. 221.14, Stats. There is no allegation in the indictment that it was a so-called "dummy" note or that it is not a genuine note collectible upon demand.

From the specific facts stated in the indictment, it will be presumed that the proceeds of the note were treated as taking care of the excessive expenditure in furniture and fixtures. Whether the amount represented by the note was actually advanced by the bank to the makers as an ordinary loan, and having been so received by them was redelivered to the bank to make good the excessive expenditure for furniture and fixtures, or whether the note was delivered by the makers to the bank and its proceeds applied to take care of such excess, would make no difference. In any event, the bank was put in a better financial condition to the extent of $5,898.51.

The defendants in error are not accused of any violation of sec. 221.14, Stats. They are charged with making a false entry on the books of the bank. The entry of the note in question under "loans and discounts" did not constitute a false entry. The transaction amounted to a loan to the makers of the note. The proceeds of the loan were used to make good the excessive expenditure for furniture and fixtures. In the *Rosenberg Case, supra,* quoting from *Coffin v. U. S.* 156 U. S. 432, 463, 15 Sup. Ct. 394, this court said :

"We think it is clear that the making of a false entry is a concrete offense which is not committed where the transaction entered actually took place, and is entered exactly as it occurred."

This principle applies to the instant case. There was here an actual, not a sham, transaction.

In *Supervisors of Kewaunee County v. Decker,* 30 Wis. 624, 634, the court said :

"A general charge that a party acted fraudulently, falsely or wrongfully, or that he made fraudulent representations or statements, amounts to nothing; there must be a specification of facts to justify it. It is at most but a mere inferential

statement, too vague and uncertain to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it, or to inform the court whose duty it is to declare the law arising upon the facts." See also *Forest County v. Shaw,* 150 Wis. 294, 303, 136 N. W. 642.

The facts alleged in the indictment in the instant case negative the possibility of intent to deceive under the holding of this court in *Hobbins v. State,* 214 Wis. 496, 501, 253 N. W. 570, as to Count 1 of the information in that case.

*By the Court.*—The orders entered in the several actions by the circuit court for Milwaukee county discharging the defendants in error from custody are affirmed.