STATE, Respondent, vs. GOYINS, Appellant.

*November 21—December 23, 1947.*

For the appellant there was a brief by *Max Raskin,* attorney, and *William F. Quick* of counsel, both of Milwaukee, and oral argument by *Mr. Quick.*

For the respondent there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Tierney.*

RECTOR, J.   The statute under which the defendant was charged reads:

"346.39   *Resisting officer.*   Any person who shall knowingly resist any sheriff, deputy sheriff, constable, marshal, conservation warden or other ministerial officer while engaged in the lawful execution of any civil or criminal process issued by any court, body, board or officer authorized to issue the same, or in lawfully doing any act as such officer, or who shall, in any way, knowingly and intentionally counsel, advise or procure any other person to resist any such officer so lawfully engaged in the execution of such process or in lawfully doing such other act as such officer, shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding three hundred dollars."

The complaint was by Karl Grabner, a deputy sheriff of Milwaukee county.   He complained that on October 30, 1946,

in Milwaukee county, while he was engaged in lawfully doing an act as deputy sheriff, to wit, "attempting to keep an automobile in operation from being tipped over by strikers at Allis-Chalmers Manufacturing Company," the defendant knowingly and intentionally resisted him in the execution of his duties by committing an assault upon him.

The following facts were established by Grabner's testimony: The assault took place at approximately 5 o'clock in the afternoon. He was posted at gate No. 7 of the Allis-Chalmers plant from which a roadway extended into an adjoining public street where a large number of strikers, officers, and others were milling around. There were two lines of pickets marching up and down in the street before the gate. Grabner's main job there was "to see that . . . workers got in and out of the plant without having their cars tipped over." A moment or so before the assault he was standing close to the street curb with his back to the gate. He was dressed in a uniform bearing the insignia of his office. A sergeant gave orders to open the way for a car coming through the gate. The car approached Grabner from the rear and he walked out into the street by its side. A crowd converged in the direction of the car. Grabner saw the defendant throw a stone in his direction from a distance of about ten feet. He avoided the stone and it struck the car. Grabner pursued the defendant and, with the assistance of another officer, arrested him a few feet away. He told the defendant that he, Grabner, had a family and asked defendant why he had thrown the stone. The defendant told him that he was sorry he had thrown it.

Officer Grabner's testimony was generally corroborated by Officer Wellauer. The defendant denied that he threw a rock. We need not discuss other testimony.

The defendant first contends that the evidence does not show Grabner was engaged in attempting to keep a car from being tipped over, as alleged in the complaint. He contends the evidence does not show an attempt to tip the car and that therefore Grabner could not have been engaged in attempting to

keep it from being tipped. The argument is ingenious, though not persuasive. If, as Grabner testified, his object in accompanying the car into the street was to prevent it from being tipped over, he was engaged in the pursuit of that purpose notwithstanding there may have been no effort at the particular time to tip it. Moreover, as will be shown, the state was not limited to proof of Grabner's purpose as it was set out in the complaint.

It is also argued that the evidence does not show resistance to an officer. The statute was construed in *State v. Welch* (1875), 37 Wis. 196. The case clearly holds that force directed against an officer engaged in the performance of a lawful duty, designed to prevent performance of the duty, is resistance under the statute.

The court instructed that the state was not confined to proof that Grabner was attempting to keep an automobile from being tipped over by strikers and that the jury might consider proof that he was engaged in some other lawful act. It instructed that the testimony established without dispute that at the time and place mentioned Grabner was a deputy sheriff and was engaged in doing a lawful act as such officer, and that the jury might accept that as a fact in the case. These instructions are claimed to be erroneous. The undisputed testimony did establish that Grabner was acting as a deputy sheriff and that one of the purposes of his being there was to prevent the car from being tipped over. It was within the province of the court to call attention to the state of the testimony. *Pollack v. State* (1934), 215 Wis. 200, 253 N. W. 560, 254 N. W. 471. And if there were room under the evidence for a finding that Grabner was trying to clear the way for the car rather than trying to keep it from being tipped over, the variance would not be prejudicial. Every element of the crime would be present irrespective of whether his purpose there were to accomplish the one object or the other, and the proof would be the same except for the one item of the purpose of his presence. *Shinners v. State ex rel. Behling* (1936), 221 Wis. 416, 266 N. W.

784, which the defendant relies upon, is not in point. There an indictment in the words of a statute was followed by a specification of acts constituting the offense. It was held that where the acts charged did not constitute an offense the indictment was defective notwithstanding the general charge in the words of the statute. It was said that it must be assumed the grand jury relied upon the particular acts charged in voting the indictment. Here there is no question that an offense was charged. The only question is whether, when the offense is particularized, the court may permit the jury to consider proof at variance with the charge as specified where the defendant is not prejudiced in the conduct of his defense. In this respect the case is not different from *State v. Carroll* (1942), 239 Wis. 625, 2 N. W. (2d) 211. There the statute penalized wilful injury or destruction of property. It was charged that the defendant wilfully destroyed property but it was proven only that he wilfully injured it. We held that the defendant was in nowise misled by the variance, and that the charge could be considered as amended to conform with the proof. If a charge can be considered as amended after the verdict, there is no error in instructing the jury before the verdict that it may disregard such a variance.

This brings us to the last contention. It is claimed that the court erred in refusing to instruct that the state was required to prove that Grabner was actually engaged in preventing the tipping of the automobile and that the defendant intended to interfere with him. The discussion of the other points is sufficient to indicate that there was no error in refusing the instruction. The jury was instructed that it was necessary for the state to prove beyond a reasonable doubt that the defendant intentionally resisted the officer in the performance of a lawful act in which he was engaged at the time and place. That was sufficient under the circumstances of the case.

*By the Court.*—Judgment affirmed.

FOWLER, J., took no part.